### 64951. WESTMORELAND v. THE STATE.
### 64952. HAYES v. THE STATE.

QUILLIAN, Chief Judge.

Defendants Westmoreland and Hayes, jointly indicted and tried with Parker in Gwinnett County for receiving stolen property and theft by deception, appeal their convictions of these offenses.

The state's evidence was as follows: undercover GBI Agent Jenkins arranged a purchase of a quantity of stolen women's slacks and some methaqualone (quaaludes) from Parker. Per the arrangement, Agents Jenkins and Wright parked a rented truck in a vacant parking lot on Buford Highway in Gwinnett County and met Parker in a bar in Doraville, DeKalb County. Wright drove Parker to the rented truck which was driven away by Parker to load with the slacks. Wright returned to the bar and waited with Jenkins until Parker returned with the truck, which he parked in the bar parking lot. Before paying for the slacks Jenkins wanted to inspect the truck's cargo elsewhere than the crowded bar parking lot and, per her suggestion, Parker drove the truck back to where the agents had originally put it in Gwinnett County. Parker was followed by a pickup truck which had been in the bar parking lot and the agents drove there in their own car. At the parking lot Parker opened the back door of the truck and motioned to the operator of the pickup to shine its headlights into the back of the truck. Jenkins then examined the cargo and determining it to be the stolen slacks, paid Parker the agreed price. When Agent Wright asked Parker about the quaaludes, Parker called out to the pickup, and the driver, defendant Westmoreland, got out and came up to them. Upon Wright's asking Parker where the quaaludes were, Parker said "Get John."

Westmoreland waved his arm at the pickup, and defendant (Johnny) Hayes got out of the pickup and came forward. Hayes was wearing a gun and Parker said he was his "hit man." Wright then gave Parker the money for the drugs and received a bag apparently containing quaalude tablets from Hayes, who removed it from inside his shirt. Subsequent technical examination revealed that the tablets were not methaqualone or any other controlled substance. Parker agreed to sell the remaining stolen slacks to Jenkins two days later in Jackson County at a Highway I-85 intersection. At the appointed time and place Jenkins again met with Parker and upon ascertaining that a truck loaded with the remaining slacks was located further on down I-85, arrested Parker. Two Athens police officers on the lookout for a rental truck and a car known to be operated by Hayes, saw the vehicles approach. The truck was parked next to a motel and Hayes' car drove off with Hayes driving and Westmoreland as a passenger. They were stopped and arrested. Thereafter, Westmoreland made a statement to Agent Jenkins in which he stated that he knew the slacks were stolen, that the initial sale of the stolen slacks had taken place two days before in Gwinnett County, and that he had driven the truck loaded with the remaining slacks to the motel the day he was arrested.

The only evidence presented in defense was the testimony of Parker who admitted his involvement in the offenses but denied knowing the slacks were stolen, raised defenses of entrapment and lack of venue, and did not remember who else was involved. *Held:*

1. Defendants Westmoreland's and Hayes' enumerations that the trial court erred in denying their motions to sever parties are without merit.

" 'Whether joint defendants are to be tried jointly or severally for noncapital felonies is a matter within the discretion of the trial court. Code Ann. § 27-2101; [Cit.] For this court to hold that a denial of the motion [to sever] was an abuse of discretion it must appear that the defendant suffered prejudice amounting to a denial of due process. [Cit.]' [Cit.]" *Carroll v. State,* 147 Ga. App. 332 (1), 333 (248 SE2d 702). We find no such prejudice in this case.

2. The trial court also did not err in denying defendant Hayes' motion to sever offenses.

Code Ann. § 26-506 (Ga. L. 1968, pp. 1249, 1267) provides that when several crimes arise from the same course of conduct and are within the jurisdiction of a single court, they must be tried together, with discretion in the trial court to order them tried separately in the interest of justice. " '[F]rom the nature of the entire transaction it would be almost impossible to present to a jury evidence of one of the crimes without also permitting evidence of the other crimes to be

introduced since they were all part of one continuous transaction covering a period of [several] hours,' [Cits.] and 'Two or more offenses . . . are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan' [Cit.], the joinder of the several crimes is not error. Code Ann. § 26-506." *Coker v. State,* 234 Ga 555 (1), 557-8 (216 SE2d 782) (sentence reversed, Coker v. Georgia, 443 U. S. 584, 97 SC 2861, 53 LE2d 982).

3. There was no error in failing to charge on defendant Hayes' request that the essential element of theft by receiving stolen property is knowledge that the goods were stolen at the time the defendant received the property. The request was included in the charge on the elements of the offense which stated that "a person commits theft by receiving stolen property, when he receives, disposes of, or retains stolen property, *which he knows or should have known was stolen. . . .*"

4. Defendant Westmoreland's first enumeration is without merit. "[W]here one or more jurors by chance see the defendant in handcuffs outside the courtroom, it is not error to deny a motion for mistrial." *Gates v. State,* 244 Ga. 587, 593 (261 SE2d 349).

5. Defendant Westmoreland's third enumeration has no merit. *Judgments affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED NOVEMBER 18, 1982.

*James L. Kraemer,* for appellant (case no. 64951).
*T. Mark Moss,* for appellant (case no. 64952).
*Bryant Huff, District Attorney, Gerald W. Brown, Assistant District Attorney,* for appellee.