## 65564. GIBBY v. THE STATE.

POPE, Judge.

On May 24, 1982 after a jury trial, appellant was convicted of the offense of aggravated assault of a fellow inmate while both were incarcerated at the Georgia Diagnostic Center in Jackson, Georgia. He was sentenced to serve ten years, such sentence to run consecutive to sentences previously imposed and then being served.

1. Appellant's appointed attorney filed a motion to withdraw as

counsel pursuant to Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493) (1967). In accordance with Anders, counsel filed a brief raising points of law which he considered could arguably support an appeal. In addition, as required by *Bethay v. State,* 237 Ga. 625 (229 SE2d 406) (1976), we have fully examined the record and transcript to determine independently if there are any meritorious errors of law. We are in agreement with counsel that none of the points raised, though persuasively presented, have any merit nor does our independent examination disclose any errors of substance. Therefore, this court grants the motion to withdraw, and we affirm the conviction (see *Snell v. State,* 246 Ga. 648 (272 SE2d 348) (1980)). We are satisfied that the evidence adduced at trial was sufficient to enable any rational trier of fact to find guilt of the crime charged beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In light of the fact that appellant has decided to proceed pro se with this appeal of his conviction by filing a supplemental brief, the enumerations of error timely filed with this court will be addressed. Appellant enumerates as error the admission of the testimony of one Busbee, an officer at the correctional institution in which the offense occurred. Appellant contends that Busbee should have been precluded from testifying because his name was not listed as a prospective witness in the state's response to appellant's demand made pursuant to OCGA § 17-7-110 (formerly Code Ann. § 27-1403). However, notwithstanding appellant's argument to the contrary, Busbee was called as a rebuttal witness and his testimony constituted such evidence. It was, therefore, not error to allow the state to call Busbee in rebuttal even though his name did not appear on the list of witnesses furnished to appellant. *Mize v. State,* 240 Ga. 197 (6) (240 SE2d 11) (1977); *Bennett v. State,* 158 Ga. App. 421 (6) (280 SE2d 429) (1981).

3. Appellant further challenges the admission of Busbee's testimony based upon an asserted violation of the rule of sequestration found in OCGA § 24-9-61 (formerly Code Ann. § 38-1703). The trial court conducted an evidentiary hearing out of the presence of the jury before permitting Busbee to testify as a rebuttal witness. Although Busbee had not been present in the courtroom prior to the time at which he was called to testify, he admitted to having conversations with fellow officers who had already testified or been present during testimony.

" 'The court shall take proper care to administer the law of sequestration, so far as is practicable and convenient. Any mere irregularity shall not exclude the witness. . . . The particular circumstances of each case shall control, under the discretion of the

court.' *Stuart v. State,* 123 Ga. App. 311, 312 (180 SE2d 581) (1971)." *Bradshaw v. State,* 162 Ga. App. 750 (2) (293 SE2d 360) (1982). We find no abuse of discretion in permitting Busbee to testify. A careful examination of his testimony at the evidentiary hearing satisfies this court that the brief exchanges in question were solely confined to confirmation of the general reason for which Busbee had hurriedly been called as a witness. No communication of actual information on previous testimony or implied instructions regarding what he should say occurred.

"In criminal cases, the violation of the rule of sequestration by *any* witness either for the defense or for the prosecution goes to the credibility rather than to the admissibility of the witness' testimony." *Blanchard v. State,* 247 Ga. 415, 417 (276 SE2d 593) (1981); *Jordan v. State,* 247 Ga. 328 (10) (276 SE2d 224) (1981). Appellant sought no instruction from the court informing the jury that Busbee's conversations with fellow officers before giving his own testimony should be considered in determining the weight and credit to be given Busbee's testimony. See *Wright v. State,* 246 Ga. 53 (1) (268 SE2d 645) (1980). Moreover, appellant waived objection to the absence of such instruction on this point by stating at the conclusion of the charge that he had no objection to the charge as given. See *White v. State,* 243 Ga. 250 (253 SE2d 694) (1979).

*Judgment affirmed. Quillian, C. J., and Sognier, J., concur.*

DECIDED APRIL 27, 1983.

Terry Dean Gibby, *pro se.*
E. Byron Smith, *District Attorney,* for appellee.