## 66301. POPE v. THE STATE.

POPE, Judge.

Tommy James Pope brings this appeal from his convictions of voluntary manslaughter, aggravated assault, possession of a firearm

by a convicted felon and recidivism. *Held:*

1. Appellant was indicted on four counts and first enumerates as error the trial court's refusal to sever for trial the count alleging possession of a firearm by a convicted felon from the counts alleging murder (he was later convicted of voluntary manslaughter) and aggravated assault in light of his offer to plead guilty to the possession charge if convicted of the other two charges. Appellant argues that his offer eliminated the necessity for the state to prove all the elements of possession of a firearm by a convicted felon, thus removing from the trial the necessity of proving his prior felony conviction.

" 'A plea of guilty stands upon the same footing as a conviction by a jury, and has the same force and effect as a verdict of guilty,' and therefore amounts to an adjudication as to the existence of every element necessary to the establishment of guilt of the offense charged. [Cits.]" *Cummings v. Perry,* 194 Ga. 424 (1) (21 SE2d 847) (1942). "In short, a plea of guilty is an admission or a confession of guilt, and as conclusive as a verdict of a jury; it admits all material fact averments of the accusation, leaving no issue for the jury, except in those instances where the extent of the punishment is to be imposed or found by the jury." 21 AmJur2d 806-7, Criminal Law, § 490. Appellant's offer in this case, being conditioned upon his being found guilty by the jury on other counts of the indictment, was not an admission of all material fact averments of the charge against him. Rather, his offer was akin to a plea bargain, which the trial court was not obligated to accept. See generally *State v. Germany,* 246 Ga. 455 (1) (271 SE2d 851) (1980); see also 21 AmJur2d, Criminal Law, § 487.

The evidence of record in this case showed that the crimes charged in the indictment arose from the same conduct and were within the jurisdiction of the trial court. Therefore, they must have been prosecuted in a single prosecution unless the trial court in the interest of justice ordered that one or more of such charges were to be tried separately. OCGA § 16-1-7 (b, c) (Code Ann. § 26-506). "[T]he fact that a necessary element of one of the crimes alleged is conviction of a prior felony does not, of and by itself, authorize the trial court to order a separate trial in the interest of justice [cit.]; where a convicted felon commits several crimes in the course of the same conduct, if proof of a felony conviction is a necessary element of one of the crimes charged, then so be it. The only justice we perceive to be served by excluding proof of the prior felony (and . . . severing the trial of the offenses) might arise where proof of the accompanying offenses is so uncertain or circumstantial that the verdict as to them is likely to be

prejudicially influenced by proof of a prior felony conviction, as may happen in any case where multiple crimes are charged." *State v. Santerfeit,* 163 Ga. App. 627, 628-9 (295 SE2d 756) (1982). See *Prather v. State,* 247 Ga. 789 (2) (279 SE2d 697) (1981). The evidence in this case was neither uncertain nor circumstantial. Thus, the trial court did not abuse its discretion in denying appellant's motion to sever. See *Fowler v. State,* 155 Ga. App. 76, 77 (270 SE2d 297) (1980); see also *Westmoreland v. State,* 164 Ga. App. 455 (2) (297 SE2d 357) (1982).

Moreover, the trial court specifically instructed the jury as to the scope of their consideration of appellant's prior felony conviction, cautioning them that they were to consider the prior conviction only as it related to the charge of possession of a firearm by a convicted felon. We conclude that, under the circumstances in this case, the denial of appellant's motion to sever did not prejudice his right to a fair trial.

2. The trial court did not err in allowing the state to call a witness in rebuttal whose name did not appear on the list of witnesses furnished to appellant. *Gibby v. State,* 166 Ga. App. 413 (2) (304 SE2d 518) (1983). This is particularly true where, as here, appellant was allowed a continuance so as to afford him the opportunity to question the witness prior to her taking the stand. See *Butler v. State,* 139 Ga. App. 92 (1) (227 SE2d 889) (1976). Appellant's contention that the rules enunciated here are violative of Ga. Const. 1976, Art. I, Sec. I, Par. XI (Code Ann. § 2-111) (now Ga. Const. 1983, Art. I, Sec. I, Par. XIV (Code Ann. § 2-114)) has no merit. See *Green v. State,* 223 Ga. 611 (1) (157 SE2d 257) (1967); *Britten v. State,* 221 Ga. 97 (2) (143 SE2d 176) (1965), cert. den., Britten v. Georgia, 384 U. S. 1014 (1966).

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 14, 1983.

*John H. Affleck, Jr., Timothy W. Floyd,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.