## 45142. RACHALS v. THE STATE.
### (364 SE2d 867)

WELTNER, Justice.

Terri Rachals was found guilty but mentally ill of the crime of aggravated assault. She was sentenced to twenty years in prison, and the Court of Appeals affirmed her conviction. *Rachals v. State*, 184 Ga. App. 420 (361 SE2d 671) (1987). We granted certiorari to determine whether there was a psychiatrist-patient relationship between Rachals and a certain physician that would have prohibited his testimony on behalf of the state.

The record establishes that the physician testified *only* at a *Jackson-Denno* hearing, from which the jury was excluded. The issue at that hearing was the voluntariness of Rachals' confession. The trial court, finding that there was no police coercion in the obtaining of her confession or in the waiver of her *Miranda* rights, ruled that Rachals' mental condition at such time was immaterial.

This ruling was correct. See *Colorado v. Connelly*, 479 U. S ___ (107 SC 515, 93 LE2d 473) (1986).[1] The physician's testimony, as well as his professional relationship with Rachals, was immaterial to the sole question of police coercion.[2]

*Judgment affirmed. All the Justices concur, except Smith, Gregory and Bell, JJ., who dissent.*

GREGORY, Justice, dissenting.

I respectfully dissent because the majority opinion fails to address the question on which certiorari was granted. That question is "whether a psychiatrist-patient relationship existed under the facts of this case." The majority takes the position that since there was admittedly no police coercion in obtaining petitioner's confession, under *Colorado v. Connelly*, 479 U. S. ___ (107 SC 515, 93 LE2d 473) (1986), the issue of privilege is immaterial.

However, in *Connelly* the Supreme Court held that the Due Process Clause of the Fourteenth Amendment governs only the issue of coercive state action with regard to the admissibility of confessions. The Court went on to hold that all other issues governing the admis-

---

[1] "We hold that coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment." 107 SC at 522. "Respondent urges this Court to adopt his 'free will' rationale, and to find an attempted waiver invalid whenever the defendant feels compelled to waive his rights by reason of any compulsion, even if the compulsion does not flow from the police. . . . *Miranda* protects defendants against government coercion leading them to surrender rights protected by the Fifth Amendment; it goes no further than that." Id. at 524. "[A] defendant's mental condition, by itself and apart from its relation to official coercion, should [never] dispose of the inquiry into constitutional 'voluntariness.'" Id. at 520.

[2] Further, because none of the questioned testimony was presented to the jury, Rachals could not have been harmed.

sibility of confessions are to be determined under *state* law.

If under state law the privilege attached in the case before us, the evidence complained of should have been excluded. Absent a conclusion that the admission of this evidence was harmless, it would be necessary for this court to determine the effect of the erroneously admitted evidence on the admission of petitioner's confession under *state* law.

I am authorized to state that Justice Smith and Justice Bell join in this dissent.

DECIDED FEBRUARY 16, 1988 —
RECONSIDERATION DENIED MARCH 9, 1988.

*Brimberry, Kaplan, Campbell & Donaldson, George P. Donaldson III,* for appellant.

*Hobart M. Hind, District Attorney, Melodie B. Swartzbaugh, Assistant District Attorney,* for appellee.

