## 75461. WRIGHT v. THE STATE.
### (366 SE2d 834)

Sognier, Judge.

Appellant was convicted of rape and possession of a firearm by a convicted felon. He appeals from the trial court's denial of his motion for a new trial.

1. Appellant contends that the trial court erred when, during the *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908), hearing held to ascertain the voluntariness of two oral admissions and a written confession made by appellant, the trial court admitted documentary evidence reflecting appellant had previously pled guilty in eight prior convictions. During the hearing, the State questioned appellant without objection about his dozen or so earlier arrests, his awareness of his *Miranda* rights (*Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694)), and his waiver or refusal to waive those rights in

the course of those earlier arrests. After appellant identified the eight prior convictions, the State's motion to introduce those convictions into evidence was objected to by appellant's counsel on the basis that the convictions were not relevant since appellant had not put his good character into issue. The trial court, after discussing why such evidence of prior convictions may not be admissible during the trial of the case, noted that those considerations did not exist in the *Jackson-Denno* hearing and admitted the documents. This evidence was not presented to the jury. The trial court subsequently ruled that the two oral statements could be admitted at trial but excluded the written confession.

We find no error in the trial court's admission of this evidence. In *Rachals v. State*, 258 Ga. 48 (364 SE2d 867) (1988), the Supreme Court, in considering the admissibility of certain psychiatric testimony in a *Jackson-Denno* hearing, noted that "because none of the questioned testimony was presented to the jury, [the appellant] could not have been harmed." Id. at 48, fn. 2. Further, considering that the trial court, sitting as trier of fact, is presumed to ignore illegal evidence and consider only legal evidence in rendering its decision, see *Welborn v. State*, 166 Ga. App. 214, 215 (303 SE2d 755) (1983), we find that appellant's enumeration regarding the admission of this evidence does not present this court with any reversible error.

2. (a) We find no error in the admission during trial of the computer printout made by police identifying the license plate number recorded by a witness who observed appellant leaving the scene of the rape by driving away in a vehicle bearing that number. The investigating officer who ran the tag number through the computer testified that it was through questioning the person listed as the registered owner of the vehicle that the police first learned that appellant had recently purchased the vehicle. Objection was made to the admission of this printout on the basis that it was not "directly relevant" to the guilt or innocence of appellant. "Where the relevancy or competency of evidence is doubtful, it should be admitted and its weight left to determination by the jury. [Cit.]" *Houston v. State*, 180 Ga. App. 267, 268 (3 b) (349 SE2d 228) (1986).

(b) Appellant next contends the trial court erred by admitting into evidence a document signed by the victim stating that out of the six photographs she had been shown, she had identified one certain photograph (that of appellant) as being the person who raped her. Since both the victim and the detective who prepared and displayed the photographic lineup to the victim testified that the victim identified the photograph of appellant from this lineup, the admission of this document was merely cumulative of other evidence and thus not ground for reversal. *Caston v. State*, 178 Ga. App. 752, 754 (1) (344 SE2d 725) (1986).

(c) Appellant objected on the ground of relevancy to the admission of a floral shop receipt after the State's witness, the floral shop owner, testified that she could tell from the receipt that appellant had delivered flowers to the apartment complex where the victim worked three weeks prior to the rape. "[T]he issue as to the relevancy and materiality of evidence is for the trial court. Indeed, any evidence is relevant which logically tends to prove or to disprove a material fact which is at issue in the case, and every act or circumstance serving to elucidate or to throw light upon a material issue or issues is relevant. [Cits.] 'Ultimately, the relevance of evidence is "addressed to the jury's determination." [Cit.]' [Cits.]" *Guest v. State*, 155 Ga. App. 374, 375 (1) (270 SE2d 904) (1980). We find no reversible error.

3. Appellant's remaining enumerations contend error in the trial court's failure to give three requested charges.

(a) The trial court's charge on witness identification clearly explained the principle contained in appellant's Request to Charge No. 15 and thus the trial court did not err by failing to give the charge in the precise language requested by appellant. *Curtis v. State*, 182 Ga. App. 388, 389-390 (6) (355 SE2d 741) (1987).

(b) Appellant's fourth enumeration has been decided adversely to him in *Overton v. State*, 230 Ga. 830, 834 (3) (199 SE2d 205) (1973).

(c) We cannot perceive how the trial court's refusal to give a charge setting forth an alternate ground for the admissibility of certain evidence presented by the State could possibly have been harmful to appellant. It is an old and sound rule that harm as well as error must be shown to authorize a reversal by this court. *Anderson v. State*, 183 Ga. App. 313 (3) (358 SE2d 888) (1987).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED MARCH 7, 1988.

*William T. Hankins III*, for appellant.
*Robert E. Wilson, District Attorney, John H. Petrey, Barbara B. Conroy, Assistant District Attorneys*, for appellee.