76785. STOKELY v. THE STATE.
(373 SE2d 230)

Carley, Judge.

After a bench trial, appellant was found guilty of theft by deception. He appeals pro se from the judgment of conviction and sentence entered by the trial court on its determination of guilt.

1. Appellant enumerates the general grounds. After a review of the entire record, we find that a rational trior of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court's admission into evidence of certain documents is enumerated as error. Appellant's contention on appeal is that the documents were illegible. A review of the record shows, however, that appellant did not make any objection to the legibility of the documents when they were offered into evidence at trial. "Appellant has

thus waived any error by [his] failure at any time during trial to object. . . . 'It is well established that objections to evidence cannot be raised for the first time on appeal. [Cit.]' [Cit.] . . . 'Stated otherwise, appellate courts exist for the correction of trial error, where proper objection is taken. [Cit.] Where enumerated errors on appeal attempt to raise for the first time questions not raised in the trial court, they present nothing for decision. [Cits.]' [Cit.]" *Merry Shipping Co. v. Sparks*, 160 Ga. App. 376, 378 (287 SE2d 89) (1981). Moreover, an examination of the record reveals that the documents in question were legible. Accordingly, there is no merit in this enumeration.

3. The trial court's admission into evidence of appellant's out-of-court statements is enumerated as error. A review of the transcript shows, however, that appellant made no objection to the admission of his out-of-court statements at trial. Appellant's failure to object at trial precludes appellate review of the alleged error. See *Merry Shipping Co. v. Sparks*, supra.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 6, 1988 —
REHEARING DENIED SEPTEMBER 21, 1988 ▪▪▪▪▪▪▪▪▪

Freddie Stokely, *pro se.*
*Darrell E. Wilson, District Attorney, Mickey R. Thacker, Assistant District Attorney,* for appellee.