A89A1961. VICK v. THE STATE.
(391 SE2d 455)

COOPER, Judge.

Appellant appeals his conviction of child molestation. The evidence adduced at trial shows that appellant and his live-in companion frequently baby-sat for the twelve-year-old victim and her younger sister, who were unrelated to appellant. On the day in question, appellant's companion and the younger sister went to the library, and appellant asked the victim to stay and help him with his baby. The victim testified that appellant then pulled down her pants, placed his finger in her vagina, and also placed his penis inside her. Her sister testified that appellant attempted to kiss the victim when they were leaving, but the victim pulled away from him.

1. Appellant contends that the trial court erred in admitting into evidence a video and audiotape interview with the victim. However, a taped interview with a child is admissible under OCGA § 24-3-16, which permits the statement of a child under the age of 14 to be admitted if it describes acts of sexual contact or physical abuse, if the child is available to testify in court, and if the circumstances of the

statement are shown to have a sufficient indicia of reliability. *Newberry v. State*, 184 Ga. App. 356 (1) (361 SE2d 499) (1987). At trial, appellant's only objection went to the relevance of the statement contained on the tape. On appeal he contends that it was not part of the *res gestae*. Issues raised for the first time on appeal will not be considered by this court. *Stokely v. State*, 188 Ga. App. 489 (2) (373 SE2d 230) (1988); *Smith v. State*, 186 Ga. App. 303, 306 (367 SE2d 573) (1988).

2. Appellant further asserts as error the trial court's grant of the State's motion in limine, which excluded evidence related to the victim's statement that her father periodically "checked her to see if she had been messing around with boys" and impermissibly restricted his right of cross-examination of the victim because he was not allowed to question the victim as to why she was afraid of her father, her motives for testifying, and about possible reasons for the stretching of her hymen. The trial transcript reveals that appellant was allowed to cross-examine the victim about the reasons she was afraid of her father but did not develop this line of questioning. Although appellant was not allowed to cross-examine the victim as to her statement that her father periodically checked to see if she was "messing around" with boys, such a line of questioning is barred because it is irrelevant in proving whether appellant committed the crime for which he is on trial. *Chastain v. State*, 180 Ga. App. 312 (2) (349 SE2d 6) (1986); aff'd 257 Ga. 54 (354 SE2d 421) (1987). Questions concerning the victim's use of tampons during menstrual periods and whether she had inserted anything else in her vagina were properly disallowed, as there was no competent evidence introduced of the stretching of her hymen. In any event, such evidence implying sexual experience is barred under *Chastain v. State*, supra.

3. Appellant asserts as his last enumeration of error the trial court's refusal to give curative instructions to the jury as to the violation of the rule of sequestration during the trial after it became apparent that the twelve-year-old victim might have discussed the date of the offense and consulted a calendar with her parents one evening after trial. The trial court was not convinced that a violation of the rule had occurred and declined to bring the matter to the attention of the jury at that time. However, in its charge to the jury the court gave a full instruction on violation of the rule of sequestration, explaining that such a violation goes to the credibility rather than the admissibility of the witness' testimony. See *O'Kelley v. State*, 175 Ga. App. 503 (1) (333 SE2d 838) (1985). We find no requirement that the trial court instruct the jury immediately following the alleged violation and appellant has failed to show that any harm resulted. After the charge, the trial court asked if there were any objections, and appellant's counsel stated that he had none. We find that appellant has

waived any objection to the charge as given. *Gibby v. State*, 166 Ga. App. 413 (3) (304 SE2d 518) (1983).

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 22, 1990 —

George R. Asinc, for appellant.

*Thomas J. Charron, District Attorney, Charles Norman, Assistant District Attorney,* for appellee.