A90A0341. FULBRIGHT v. THE STATE.
(392 SE2d 298)

BANKE, Presiding Judge.

The appellant was convicted of two counts of child molestation, both involving his five-year-old daughter. He brings this appeal from the denial of his motion for new trial.

After the appellant and the child's mother were divorced, the child revealed to her mother that the appellant had engaged in certain physical contact of a sexual nature with her while she was visiting in his home. The mother notified the district attorney, who advised her not to permit the appellant further visitation with the child. The appellant then brought a contempt action against his former wife, and in connection with that case he, she, and the child all underwent court-ordered psychiatric evaluations. These evaluations were performed by Dr. Robert Alpern, a child psychiatrist retained by the appellant. The contempt action culminated in the termination of appellant's visitation privileges and was followed by the present criminal prosecution. *Held*:

1. The appellant filed a pre-trial motion in limine seeking to exclude Dr. Alpern's testimony on the basis of the psychiatrist-patient privilege. See generally OCGA § 24-9-21 (5). However, before the psychiatrist-patient privilege may be invoked, a relationship of psychiatrist and patient must exist, "to the extent that treatment was given or contemplated." *Massey v. State*, 226 Ga. 703 (177 SE2d 79) (1970). In *Rachals v. State*, 184 Ga. App. 420 (361 SE2d 671) (1987), aff'd 258 Ga. 48 (364 SE2d 867) (1988), we held that no psychiatrist-patient relationship existed where, "(1) the appellant . . . was not seeking out psychiatric care in the usual sense of the term; and (2) no real treatment was given or contemplated." Id. 184 Ga. App. at 421. It is apparent in the present case that the appellant retained Dr. Alpern and paid his fee for the purpose of obtaining his testimony for use in the contempt action rather than for the purpose of obtaining psychiatric treatment or counseling. We accordingly hold that no psychiatrist-patient relationship existed within the contemplation of OCGA § 24-9-21 (5), with the result that the appellant's motion in limine was properly denied.

2. During direct examination by the state concerning his evaluation of the appellant, Dr. Alpern testified as follows: "He [the appellant] said that he lost his job with the police force because he had altered prescriptions and pleaded nolo contendere which is why he didn't go to prison, but he did lose that job because of it. . . ." No

contemporaneous objection was made to this testimony; however, the appellant later moved for mistrial on the ground that the state had impermissibly introduced his character into evidence. The trial judge instructed the jury to disregard any testimony concerning prior offenses and questioned the jury to satisfy himself that they could follow that instruction. The appellant raised no further objection. "If a motion for a mistrial is overruled but corrective instructions are given by the court and thereafter counsel fails to request further instructions or renews his motion for a mistrial, the overruling of the motion is not regarded as error. [Cits.]" *Harris v. State*, 190 Ga. App. 343, 346 (378 SE2d 912) (1989). Thus, even pretermitting the issue of whether the appellant's objection and motion for mistrial were timely, this enumeration of error presents no ground for reversal.

3. The appellant contends that Dr. Alpern was erroneously permitted to state his opinion regarding the child's credibility. Dr. Alpern was questioned concerning the manner in which he had evaluated the child and was asked his opinion as to "whether or not this child has been molested." During the course of a somewhat lengthy response to this question, he stated: "It is my firm contention that [the child] was telling the truth when she said that her father molested her basically in the way she described. . . ." No objection was made to this testimony, nor to any of the doctor's subsequent testimony to the same effect, on the ground that it constituted an improper expression of opinion concerning the credibility of a witness or an ultimate issue of fact. See generally *Allison v. State*, 256 Ga. 851 (5) (353 SE2d 805) (1987). Rather, the only objection interposed by the appellant was to certain statements of opinion which he contended were based on supposition. "[A]ppellate courts exist for the correction of trial error, where proper objection is taken. (Cit.)" *Stokely v. State*, 188 Ga. App. 489, 490 (373 SE2d 230) (1988). " ' "[T]his court will review and correct only such error as was made in the trial court and only on the specific basis on which it was presented to the trial court." ' [Cit.]" *Shy v. State*, 190 Ga. App. 370, 371 (378 SE2d 920) (1989). Under the circumstances, this enumeration of error presents nothing for review.

4. The appellant contends that the trial court erred in refusing to declare a mistrial based on the state's failure to furnish certain exculpatory material in response to a pre-trial discovery motion which he had filed pursuant to *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). While Dr. Alpern was testifying, the appellant's counsel was provided for the first time with a transcript of an interview between a Department of Family & Children Services caseworker and the child. The appellant asserts on appeal that this document contained exculpatory material in that it revealed inconsistencies in the child's story and contained allegations that her paternal

grandparents had also molested her. However, "[i]f it is defendant's contention that additional time for investigation would have enhanced his defense, the proper motion would have been for an adequate recess, not mistrial." *Wallin v. State*, 248 Ga. 29, 33 (279 SE2d 687) (1981). Accordingly, this enumeration of error is without merit.

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED MARCH 12, 1990.

*Daniel J. Parker*, for appellant.
*Lindsay A. Tise, Jr., District Attorney*, for appellee.