A91A0517. CULBERTSON v. THE STATE.
(405 SE2d 313)

McMURRAY, Presiding Judge.

This is the second appearance of this case in this Court. Previously, this Court reversed defendant's conviction because the trial court declined to give a written request to charge with respect to de-

fendant's failure to testify. *Culbertson v. State*, 193 Ga. App. 9, 11 (6) (386 SE2d 894).

Following a retrial, defendant, an inmate in a correctional facility, was again found guilty of five counts of aggravated assault upon a correctional officer and one count of possession of a weapon (a "waterbug") by an inmate. He appeals. *Held:*

1. The general grounds are without merit. The evidence was sufficient to enable any rational trier of fact to find defendant guilty of the five counts of aggravated assault upon a correctional officer and one count of possession of a weapon by an inmate beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Culbertson v. State*, 193 Ga. App. 9, 10 (3, 4), supra.

The evidence demonstrated that the officers were placed in reasonable apprehension of immediately receiving a violent injury. That two officers merely expressed "concern" that they would be burned by the liquid which defendant threw at them does not mean that they were not placed in "reasonable apprehension."

With regard to the possession of the weapon count, this Court previously determined that a "waterbug" (a homemade device for heating liquid, and bringing the liquid to a boil, by use of an electric current, which boiling liquid was thrown at the officers) can be a weapon under the circumstances involved in this case. *Culbertson v. State*, 193 Ga. App. 9, 10 (3), supra. We decline defendant's invitation to reverse our previous determination.

2. One of the officers testified that on a previous occasion he had been burned by a liquid prepared by another inmate and that, therefore, he was afraid of the liquid which defendant was poised to throw. At that point, defense counsel interposed an "irrelevant" objection which the trial court overruled. Defendant contends the trial court erred in overruling the objection.

Assuming defense counsel's objection was sufficient to invoke a ruling by the trial court (but see *Croom v. State*, 165 Ga. App. 676, 677 (3) (302 SE2d 598)), we find no error. The evidence logically tended to show that the officer was placed in reasonable apprehension of receiving an immediate violent injury. It was not irrelevant. *Wright v. State*, 186 Ga. App. 231 (366 SE2d 834). Besides, another witness later testified without objection about the previous time when the officer was burned. Thus, even if the officer's testimony was inadmissible, its admission was not erroneous since substantially the same evidence was admitted later without objection. *Clarke v. State*, 221 Ga. 206, 214 (144 SE2d 90). See also *Shearer v. State*, 259 Ga. 51, 54 (10a) (376 SE2d 194).

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

Decided April 1, 1991.

Cheney & Cheney, Curtis V. Cheney, Jr., for appellant.

Dupont K. Cheney, District Attorney, J. Stephen Archer, Assistant District Attorney, for appellee.