## A94A2810. GUEST v. THE STATE.
### (454 SE2d 622)

RUFFIN, Judge.

Appellant, Jerry Guest, was convicted of one count of aggravated sodomy, one count of aggravated child molestation and three counts of child molestation involving his thirteen-year-old daughter and her nine-year-old half-brother. He appeals from those convictions following the denial of his motion for a new trial.

1. Guest first contends that the trial court erred in admitting evidence of a prior 1989 conviction involving his daughter (see *Guest v. State,* 201 Ga. App. 506 (411 SE2d 364) (1991)) because the court failed to specifically find that the State made the three affirmative showings required by Uniform Superior Court Rule 31.3 (B) and enunciated by our Supreme Court in *Williams v. State,* 261 Ga. 640 (409 SE2d 649) (1991). We disagree. The record shows that at the pre-trial hearing on the admissibility of the prior act, Guest's attorney never objected to the admissibility of the similar transaction on grounds that the first two affirmative showings under *Williams* (that the evidence is being admitted for a proper purpose and that there is sufficient evidence that the defendant committed the independent act) had not been met. Rather, his only comment was that the trial court needed to consider whether the two incidents were similar given the remoteness in time between them. The court ruled that evidence of the similar transactions would be admitted.

Further, at the outset of the trial the State specifically raised the requirements of *Williams,* reiterated that it had made the three requisite showings, and requested the court to rule on the record that it had done so. The judge responded "[w]ell, I believe I ruled [at the pre-trial hearing] that assuming you could [tell the court what you expect the evidence to be] . . . that I would allow you to do it. So, if you need to perfect the record this morning. . . ." Again, Guest's attorney made no objection as to the sufficiency of the State's three showings or the court's findings with regard thereto. His only objection was to the "scope" of the similar transactions that the State intended to introduce. While the court may not have precisely articulated that each of the three showings was satisfactorily made, we believe the court's determination was sufficient to satisfy *Williams* and USCR 31.3 (B). Further, "[t]his court has held [that] in cases in which a Rule 31.3 (B) hearing was held, . . . the failure of a defendant to object to the introduction of similar transaction evidence on the basis that . . . the trial court has not made the requisite findings

as required by Rule 31.3 (B) and . . . *Williams* precludes appellate consideration of those issues. See, e.g., *Hunter v. State*, 202 Ga. App. 195, 198 (3) (413 SE2d 526) (1991). . . ." (Punctuation omitted.) *Walker v. State*, 208 Ga. App. 690, 693 (2) (431 SE2d 459) (1993).

2. Guest also contends the trial court erred in admitting evidence, including a videotaped statement by his daughter given in connection with the 1989 indictment, that he engaged in a pattern of molestation from 1984-1988 because this pattern was not included in the prosecution's notice of its intent to present similar transactions pursuant to USCR 31.3 (B). The notice stated that the "[t]ype of transaction [was] child molestation (the defendant placed his hand on the victim's vagina); Date 1984-1988; . . . Copy of Indictment 89 CR 3423 is attached." The referenced indictment was from Guest's 1989 conviction, and it stated that the molestation occurred on or about December 25, 1988.

Guest contends that he had no notice prior to the trial that the State planned to introduce any similar transaction other than the single December 1988 incident and that he was prejudiced because had he been put on notice of this expected testimony, he could have called a witness to rebut it. This enumeration is without merit. We find it difficult to imagine how a defendant could truly be "surprised" by testimony of events from the very period of time specified on the State's notice, here 1984-1988. Further, the videotape alleging the prior pattern of molestation was made in connection with the specified 1989 indictment. Accordingly, we find the notice was sufficient to inform Guest that the State intended to introduce evidence of the December 1988 incident as well as similar acts from 1984-1988.

3. Guest contends that the trial court erred in admitting the videotaped statement his daughter made in connection with the December 1988 allegation because the tape violated the child hearsay statute, was cumulative and impermissibly bolstered his daughter's credibility.

We first address the use of evidence admitted pursuant to OCGA § 24-3-16, the child hearsay statute. Guest's specific objection at trial was that under OCGA § 24-3-16, such videotapes are admissible when the subject matter of the tape is the specific allegation for which the defendant is on trial, but that here, the tape was not admissible as similar transaction evidence because its subject matter was a prior allegation with which he was not currently charged. We disagree. OCGA § 24-3-16 states in pertinent part that "[a] statement made by a child under the age of 14 years describing *any* act of sexual contact or physical abuse performed with or on the child by another is admissible in evidence by the testimony of the person or persons to whom made. . . ." (Emphasis supplied.) Nothing in the statute restricts the statement to use solely in connection with the prior incident, and in

child molestation cases, this court has consistently upheld the admission of similar transactions involving incidents for which the defendant was not on trial pursuant to OCGA § 24-3-16. See, e.g., *Green v. State*, 212 Ga. App. 250 (2) (441 SE2d 689) (1994) (testimony about similar abuse — for which defendant was not on trial — from victim's half-sister admissible).

As to Guest's objection that the videotape impermissibly bolstered his daughter's credibility, this issue has been "uniformly decided . . . adversely to defendant. [Cits.]" *Knight v. State*, 210 Ga. App. 228, 230 (2) (435 SE2d 682) (1993). Accord *Kelly v. State*, 197 Ga. App. 811 (2) (399 SE2d 568) (1990).

Although Guest cites no authority for his contention that it was error to admit the tape because it was cumulative, we conclude that any potential error was harmless. See *Roberson v. State*, 214 Ga. App. 208 (7) (447 SE2d 640) (1994); *Kelly v. State*, supra at 814 (3).

4. Guest contends that the trial court erred in allowing testimony by his daughter of prior acts of alleged molestation because the prior acts were not sufficiently similar to those alleged in the indictment as to his daughter, he did not plead guilty to those allegations, and the 1989 conviction was reversed. Guest also contends that acts of molestation against a child of one gender are inadmissible as a similar transaction in a case involving a child of the other gender, because a correlation between two such acts has not been accepted in the scientific community. At trial, however, Guest's attorney objected only on the ground that the court should consider the fact that the first conviction was reversed, that the incidents were not similar and that the time between the incidents was remote. In fact, it was the trial judge who raised the concern about whether the prior acts involving the daughter were similar in nature to those involving the half-brother. After the State's response that dissimilar gender did not affect admissibility, Guest's attorney stated that he had nothing further on that point. "Issues raised for the first time on appeal will not be considered by this court[,] [cits.]," *Vick v. State*, 194 Ga. App. 616 (1) (391 SE2d 455) (1990), and therefore we will not consider that particular argument or evaluate the acceptance of its underpinnings in the scientific community on appeal.

As to whether the prior allegations of molestation against the daughter were similar to those alleged in the indictment, the record shows that Guest's daughter testified that in previous years Guest touched her "in my privates, [b]etween my legs and my chest." She further testified that the incident giving rise to the instant case involved her father rubbing her legs and "up higher" as well as rubbing her chest. Because she did not testify that Guest actually touched her vagina, the court granted Guest's motion for a directed verdict on that count. We find the fact that Guest moved "higher" but did not

actually reach the vagina of no consequence in this regard and likewise find no merit in Guest's argument that the prior offense was inadmissible because it lacked sufficient similarity and the conviction was reversed. There is no requirement that a previous occurrence be identical to the offense charged or that the prior occurrence resulted in a conviction before the prior occurrence is deemed admissible. *Wells v. State*, 208 Ga. App. 298 (2b) (430 SE2d 611) (1993).

5. Guest also contends that the evidence failed to show beyond a reasonable doubt that he placed his hand on his daughter's breast and that the trial court should have directed a verdict of not guilty as to this count of the indictment. Pretermitting the question of whether there is any factual difference between a 13-year-old girl's chest and breast, the record shows that Guest never moved for a directed verdict on this count. As he did not, "the trial court did not err in failing to direct a verdict sua sponte and nothing has been preserved for this court's consideration on appeal." *Fletcher v. State*, 159 Ga. App. 789, 790 (6) (285 SE2d 762) (1981).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 28, 1995.

*Albert A. Myers III*, for appellant.
*Cheryl F. Custer, District Attorney, Richard R. Read, Assistant District Attorney*, for appellee.