# Court of Appeals
# of the State of Georgia

ATLANTA,  January 14, 2014

*The Court of Appeals hereby passes the following order:*

**A14A0765. JERRY GUEST v. THE STATE.**

In 1993, Jerry Guest was convicted of child molestation, aggravated child molestation, and aggravated sodomy, and his convictions were affirmed on appeal. See *Guest v. State*, 216 Ga. App. 457 (454 SE2d 622) (1995). Since then, Guest has filed numerous motions either seeking another appeal or challenging the validity of his convictions. See, e. g., A11A2338; A11A1532; A07A1121; A02A1930; A00D0326. Most recently, Guest filed a pro se motion seeking to "Vacate Illegal and Void Sentence," in which he argues once again that his conviction for aggravated sodomy should not stand. The trial court denied the motion, and Guest seeks to appeal this ruling.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). Any appeal from an order denying or dismissing such a motion must be dismissed. See *Harper*, supra; *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). While a direct appeal may lie from an order denying or dismissing a motion to correct a void sentence, this is true only if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper*, supra at n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). A sentence is void only when the trial court imposes punishment that the law does not allow. *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002). Here, Guest has not raised a colorable claim that his sentence is void. Rather, he challenges the validity of his conviction. Accordingly, this appeal is hereby DISMISSED.

Given that Guest was seeking to relitigate an issue decided in his direct appeal

and subsequent appeals, this application is frivolous.  OCGA § 42-12-7.2 provides:

> In no event shall a prisoner file any action in forma pauperis in any court
> of this state if the prisoner has, on three or more prior occasions while
> he or she was incarcerated or detained in any facility, filed any action in
> any court of this state that was subsequently dismissed on the grounds
> that such action was frivolous or malicious, unless the prisoner is under
> imminent danger of serious physical injury.

We thus caution Guest that if he continues to file meritless motions, he may find future claims barred by OCGA § 42-12-7.2.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 01/14/2014
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

 *, Clerk.*