A91A1301. SAMS v. THE STATE.
(410 SE2d 330)

BIRDSONG, Presiding Judge.
Melvin D. Sams, Sr., appeals his judgment of conviction of four violations of OCGA § 16-13-30, two counts of selling cocaine and two counts of possessing cocaine, and his sentence. The offenses of which appellant was convicted on January 29, 1991, occurred on July 13 and August 7, 1989. Appellant asserts the trial court erred by admitting evidence of appellant's *prior* cocaine sales conviction on April 12, 1990, for offenses committed on September 1, 1989, as being a similar crime to the charges of which he was being tried.

The record establishes that a female GBI agent twice bought cocaine from appellant, on July 13, 1989 and August 7, 1989, respectively. On both occasions she went to appellant's residence and pur-

chased the drug directly from appellant. At least one of the drug buys was made in the evening. Regarding the drug sale offense of which appellant previously was convicted, the record establishes that: On September 1, 1989, about 50 days after the first sale of drugs to the female GBI agent, a female drug buyer went to appellant's home on three separate occasions in the evening to obtain cocaine. On the first occasion, the female drug buyer directly purchased cocaine from appellant; on the second occasion, she directly obtained cocaine from appellant on credit; and, on the third occasion, she was apprehended by police in appellant's residence before she could obtain more cocaine.

The trial court in its concluding charges to the jury gave an instruction limiting the use of similar transaction evidence "only as it might tend to illustrate the defendant's state of mind . . . and for that purpose alone." *Held*:

1. "Evidence of other criminal acts of the defendant may be admitted if it is [as in this case] substantially relevant for some other purpose than to show a probability that the defendant committed the crimes on trial merely because he is a man of bad character." *Brown v. State*, 197 Ga. App. 155 (398 SE2d 34). Applying the well-recognized two-prong test for the admissibility of other criminal acts evidence (see, e.g., *Roney v. State*, 192 Ga. App. 760, 762 (2) (386 SE2d 412)), we find that the evidence in question was admissible. "The test of admissibility of evidence of other criminal acts by the defendant is not the number of similarities between the two incidents. Rather, such evidence 'may be admitted if it " 'is substantially relevant for some purpose other than to show a probability that (the defendant) committed the crime on trial because he is a man of criminal character. . . .' " ' [Cit.] Thus, the requisite similarity between the two incidents depends on the purpose for which the evidence is being presented. . . . Although the [crimes in the case at bar and those of which appellant previously was convicted] differ in some respects, we find that the similarities are sufficient for the purpose of tending to prove [appellant's state of mind]." *Maggard v. State*, 259 Ga. 291, 293 (2) (380 SE2d 259).

Appellant asserts the second prong of the two-prong test (sufficient similarity or connection between the independent crimes and a crime charged) has not been established. We disagree. The independent crimes and the crimes charged: (a) were drug offenses which included the criminal act of sale of cocaine; (b) occurred at defendant's residence; (c) occurred during the evening hours (all or all but one of the sales); (d) occurred within a relatively short period of time (less than 60 days); (e) involved sales made personally by appellant in each instance; and, (f) were made to a female in each instance.

2. The record reflects the independent crime was not a *prior*

criminal incident, rather it was a *prior* conviction for criminal drug activity occurring *after* the commission of the offenses of which appellant is charged in the case at bar. This is of no legal consequence. Independent crimes do not have to occur prior to the offense(s) of which appellant is being tried to be admissible as other crimes or similar transactions. See *Richie v. State*, 258 Ga. 361, 362 (3) (369 SE2d 740); cf. *Crosby v. State*, 259 Ga. 822 (2) (389 SE2d 207). The fact the independent offense occurred subsequently at most goes to the weight of the evidence and not its admissibility.

3. Appellant asserts the trial court erroneously believed that the independent crimes evidence involved an independent crime which had been committed prior to the offenses in this case, and predicated its admission of the evidence upon this erroneous assumption. Viewing the record in toto, we disagree. Even if this had occurred, this court will not reverse the correct ruling of the trial court regardless of the reason given therefor. *Ely v. State*, 192 Ga. App. 203 (4) (384 SE2d 268).

Appellant's sole enumeration of error is without merit.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED SEPTEMBER 4, 1991.

*W. Dwight Payne*, for appellant.

*Stephen F. Lanier, District Attorney, Lisa W. Pettit, Assistant District Attorney*, for appellee.