A91A1368, A91A1369. SARTIN v. THE STATE (two cases).
(411 SE2d 582)

SOGNIER, Chief Judge.

Dale Lamar Sartin was convicted in a nonjury trial of cocaine trafficking, possession of cocaine with intent to distribute, and possession of cocaine. In addition, the State obtained civil forfeiture of a truck and $423 in cash seized from Sartin at the time of his arrest. We have consolidated Sartin's appeal in Case No. A91A1368 from the judgment of conviction and his appeal in Case No. A91A1369 from the denial of his motion to set aside the judgment of forfeiture.

1. In his first two enumerations in Case No. A91A1368, appellant contends the trial court erred by rejecting the plea bargain he entered into with the State. The record reveals that after appellant's arrest in May 1989, law enforcement authorities induced him to assist their efforts to apprehend a major drug trafficker. As a result of appellant's cooperation in this ultimately successful endeavor, his counsel and the prosecutor agreed to recommend to the trial court that a nolle prosequi be entered on the two more serious charges pending against appellant, and that in exchange for a guilty plea on the possession charge appellant should receive a probated sentence. The trial court, however, refused to consider the proposed plea agreement and proceeded with a trial.

It is well established that a trial court is not required to accept a plea of guilty. E.g., *Echols v. State*, 167 Ga. App. 307, 308 (306 SE2d 324) (1983). Nor is a court compelled to accept a plea agreement

which has been reached by the State and the defendant. See *State v. Germany*, 246 Ga. 455, 456 (1) (271 SE2d 851) (1980). Appellant effectively concedes these principles, arguing instead that under the circumstance of this case the court's refusal to accept the plea agreement after appellant had enabled law enforcement authorities to capture a major criminal suspect was a manifest injustice. Given that there is no constitutional right to plea bargain, *Harris v. State*, 167 Ga. App. 153, 155 (6) (306 SE2d 79) (1983), we find no authority to support appellant's theory that the trial court should be compelled to accept the plea agreement.

2. Appellant next contends the trial court erred by declining to entertain his motion to suppress on the ground it was untimely filed. The record reveals that appellant was indicted on June 1, 1989, and on July 21 he, through counsel, waived arraignment, entered a plea of not guilty, and filed demands for a witness list and production of exculpatory evidence and other discoverable material. Appellant recites in a pleading filed below that the trial court was advised of the plea agreement as early as July 1990. Appellant was first tried by the court on November 19, 1990 without benefit of counsel, evidently as a result of confusion concerning the reason for counsel's absence (he was trying a criminal case in another county), but appellant's motion for new trial was granted three weeks later. He was then scheduled for trial on January 4, 1991, but the trial was continued until March because appellant was ill. Appellant filed his motion to suppress on March 8, 1991, the Friday before his second trial was scheduled to begin.

Although OCGA § 17-5-30, which governs the filing of motions to suppress, does not specify a time limit for the filing of such motions, our courts have held that a motion to suppress must be filed before the defendant enters a written plea. *Waller v. State*, 251 Ga. 124, 127 (5) (303 SE2d 437) (1983), rev'd on other grounds sub nom. *Waller v. Georgia*, 467 U. S. 39 (104 SC 2210, 81 LE2d 31) (1984). Under this rule, appellant's motion to suppress was filed 19 months late. Moreover, even assuming, without deciding, that appellant's delay was somehow excused or encouraged by the State because of the plea bargaining discussion, appellant was on notice at least by January 1991 — and possibly as early as July 1990 — that the trial court had rejected the plea agreement, but appellant still waited until March 1991 to file his motion. Under these circumstances, we find no error in the trial court's refusal to entertain the motion. See *Van Huynh v. State*, 258 Ga. 663, 664 (2) (373 SE2d 502) (1988).

3. In Case No. A91A1369, appellant challenges the trial court's denial of his motion to set aside the judgment of forfeiture. OCGA § 5-6-35 (a) (8) provides that appeals from orders denying motions brought under OCGA § 9-11-60 (d) to set aside judgments must be made by application, not by direct appeal. Although the instant mo-

tion did not expressly pray for relief under OCGA § 9-11-60 (d), the motion clearly was based on that statute and sought the relief provided thereunder. Accordingly, this direct appeal must be dismissed. See *State Farm Mut. Auto. Ins. Co. v. Yancey*, 258 Ga. 802 (375 SE2d 39) (1989).

*Judgment affirmed in Case No. A91A1368. Appeal dismissed in Case No. A91A1369. McMurray, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 23, 1991.

*John E. Sawhill III*, for appellant.
*Stephen F. Lanier, District Attorney, Leigh E. Patterson, Assistant District Attorney*, for appellee.