A91A2024. SARTIN v. THE STATE.
(416 SE2d 572)

POPE, Judge.

Defendant was convicted by a jury of one count of possession of cocaine and one count of possession of cocaine with intent to distribute. He appeals his convictions and the denial of his motion for new trial.

The record establishes that on February 24, 1990, Commander Bill Whitener of the Rome/Floyd Metro Drug Task Force received a telephone call from a reliable informant that defendant was at the County Line Tavern with a large amount of cocaine. Defendant was also said to be driving a blue Camaro with Georgia tag number CLH414. Commander Whitener enlisted the assistance of four other police officers who took turns driving by the County Line Tavern at different times during the evening to confirm that the blue Camaro was parked in the lot. Later in the evening, Commander Whitener set up surveillance on the location.

At about 11:00 p.m., defendant left the bar alone, got into the blue Camaro, and proceeded to drive north on Highway 27. After defendant drove past Commander Whitener, the officer fell in behind the Camaro and followed defendant in a Chevrolet Blazer. The other three officers fell in behind Commander Whitener. After the caravan proceeded for several miles, defendant began driving at erratic speeds, speeding up and slowing down at irregular intervals. When the officer's vehicle moved within three car lengths of defendant's vehicle, the Blazer's headlights illuminated the inside of the Camaro. The officer observed defendant's hand go up and make a throwing motion toward the passenger window of the Camaro. Commander Whitener also saw a bag fly out the passenger window of the Camaro. The officer immediately stopped his Blazer and started searching for the bag. The other officers continued to follow defendant's vehicle un-

til defendant pulled over to the side of the road. Two of the officers observed defendant leaning across the console of the Camaro, and he appeared to be rolling up the passenger window. Eventually Commander Whitener found a large clear plastic bag containing 14 individual clear plastic bags of cocaine about 15-20 feet from the edge of the road. He radioed the other officers and told them to arrest defendant for violation of the Georgia Controlled Substances Act. After one of the officers detected an odor of alcohol on defendant's breath, defendant was also charged with DUI. During trial, defendant moved for a directed verdict on the DUI count, which was granted by the trial court.

1. Defendant's first enumeration of error is not supported by argument, reference to the transcript, or citation of authority. Thus, this enumeration is deemed abandoned. Court of Appeals Rule 15 (c); *Grier v. State*, 198 Ga. App. 840, 842 (2) (403 SE2d 857) (1991).

2. Defendant next argues the trial court erred in allowing into evidence the 14 bags of cocaine found by Commander Whitener. On appeal, defendant asserts four reasons why the cocaine was inadmissible: (1) the State failed to connect the cocaine to defendant; (2) the State failed to prove the chain of custody; (3) the State failed to prove that all 14 bags contained cocaine; and, (4) the State failed to prove probable cause for stopping defendant.

We first address whether defendant properly raised each of these grounds during trial. Our review of the transcript reveals when the State sought to introduce the cocaine into evidence, defense counsel stated: "I have no objection subject, of course, to it being tied up." When the State rested its case, the defense counsel raised an objection to the admission of the cocaine, this time stating: "It has not been connected up . . . It has not been gotten from the Rome Metro Task Force office to the crime lab, never. There is no witness to connect that up, please the Court, and that's a fact." Although the trial court stated that it had not interpreted defense counsel's first comment as an objection to the chain of custody, but rather a question as to the cocaine's "connection with the defendant, connected to the defendant because it had been thrown out of the automobile," the trial court nevertheless determined the chain of custody had been adequately proven by the State. Although we are hard pressed to see how defense counsel's first comment constituted a proper objection to the admissibility of the cocaine on any grounds, we will consider the first and second grounds raised by defendant on appeal because the trial court specifically addressed both of these grounds during trial. Since the other two grounds were never raised by defendant at trial, they will not be considered for the first time on appeal. See *Proveaux v. State*, 198 Ga. App. 119 (4) (401 SE2d 12) (1990).

(a) Defendant argues the State failed to connect the cocaine di-

rectly to defendant. Commander Whitener testified at trial that he saw a bag fly out the passenger window of defendant's vehicle. The plastic bag, containing 14 smaller bags of a white powder, was immediately recovered approximately 15 to 20 feet from the edge of the road near the location where the officer had seen it thrown. Two of the officers who stopped defendant's vehicle testified that when they stopped defendant's vehicle, he appeared to be rolling up the passenger window of the Camaro. The evidence was sufficient to enable a rational trier of fact to connect the contraband to defendant. See *Carswell v. State*, 201 Ga. App. 746 (412 SE2d 572) (1991).

(b) Defendant argues the trial court erred by allowing the cocaine to be admitted into evidence because the State failed to properly establish the chain of custody of the cocaine. Commander Whitener testified that after defendant was arrested, the officer returned to the Task Force office and weighed the large plastic bag. The gross weight of the bag was approximately 19 grams. He also testified that he locked the bag up inside the vault at the Rome/Floyd Metro Task Force and on February 28, 1990, delivered it to Officer Ward, the evidence custodian at the Rome Police Department. Officer Ward did not testify at trial, but GBI Agent David Abbot testified that on March 21, 1990, he received a brown paper bag sealed with staples from Officer Ward and immediately placed the bag in his unworked evidence locker at the GBI Crime Lab, where it remained until he was ready to analyze the contents. When the brown paper bag was opened, he found a plastic bag containing 14 corners of plastic bags filled with white powder. The gross weight of the large plastic bag was 18.8 grams. Because Officer Ward did not testify at trial, defendant argues the State failed to properly prove the chain of custody of the cocaine.

"Where the State seeks to introduce evidence of a fungible nature, it need only show with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution. The fact that one of the persons in control of a fungible substance does not testify at trial does not, without more, make the substance or testimony relating to it inadmissible. The trial court was authorized to conclude that the [S]tate had met its burden with respect to the establishment of the chain of custody in the present case. [Cit.] 'There being, at most, bare speculation of tampering or substitution, the trial court correctly admitted the cocaine into evidence. [Cit.]' [Cit.]" *Williams v. State*, 199 Ga. App. 122, 123 (2) (404 SE2d 296) (1991).

3. Defendant argues that the trial court erred by allowing the State to introduce similar transaction evidence of his prior convictions of possession of cocaine, possession with intent to sell and trafficking in cocaine. On appeal, defendant asserts three reasons why the

similar transaction evidence was inadmissible: (1) there was not sufficient similarity between the offense charged and the prior offenses; (2) his prior convictions were not final because defendant had appealed his convictions to this court; and, (3) the State failed to attach copies of the documentation pertaining to his prior convictions in accordance with Uniform Superior Court Rules 31.1 and 31.3 (B).

(a) The similar transaction evidence presented at trial showed that on or about May 22, 1989, Commander Whitener received information from a reliable informant that defendant had a large amount of cocaine in his possession and was driving a blue Ford pick-up truck with Georgia tag number YH1530. Commander Whitener set up a surveillance on the truck, and after defendant got in the vehicle and drove away, the officer instructed a marked patrol unit to stop defendant. The Task Force recovered 31 bags of cocaine from defendant, weighing approximately 40 grams. At the time of his prior arrest, defendant admitted the cocaine was his.

"The test of admissibility of evidence of other criminal acts by the defendant is not the number of similarities between the two incidents. Rather, such evidence may be admitted if it is substantially relevant for some purpose other than to show a probability that the defendant committed the crime on trial because he is a man of criminal character. Thus, the requisite similarity between the two incidents depends on the purpose for which the evidence is being presented." (Punctuation and citations omitted.) *Sams v. State*, 201 Ga. App. 109, 110 (1) (410 SE2d 330) (1991).

The independent crimes and the crimes charged were drug offenses involving defendant's possession of a substantial amount of cocaine. Moreover, all charges stemmed from a tip received from a reliable informant that defendant possessed a large quantity of cocaine and was driving an identified vehicle. The only difference between the two incidents was that at the time defendant was arrested for the present crimes, he attempted to get rid of the contraband when he realized he was being followed by police officers. We conclude there was sufficient similarity between the offenses charged and the independent crimes. "The evidence was admitted for the limited purpose of illustrating [defendant's] state of mind, and the trial court gave appropriate limiting instructions. Accordingly, we find no error. [Cit.]" *Willis v. State*, 199 Ga. App. 658, 659 (1) (405 SE2d 739) (1991).

(b) Defendant next argues the independent crime evidence was inadmissible at trial because there had not been a final disposition of his appeal in this court. "In order for a similar transaction to be admissible, it is not required that the transaction resulted in a conviction. [Cit.]" *Tilley v. State*, 197 Ga. App. 97, 98 (2) (397 SE2d 506) (1990). Thus, there was no error in this case. We also note that because this court ultimately affirmed defendant's prior convictions in

*Sartin v. State*, 201 Ga. App. 612 (411 SE2d 582) (1991), this argument has become moot.

(c) The last of defendant's arguments was never raised in the lower court. Therefore, it will not be considered on appeal. See *Proveaux v. State*, supra at (4).

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED MARCH 10, 1992.

*John E. Sawhill III, James A. Robbins, Jr.*, for appellant.
*Stephen F. Lanier, District Attorney, Leigh E. Patterson, Assistant District Attorney*, for appellee.