A01A2418. HUMPHREYS v. THE STATE.
(559 SE2d 99)

SMITH, Presiding Judge.

Samuel David Humphreys was convicted by a jury on charges of child molestation (OCGA § 16-6-4), enticing a child for indecent purposes (OCGA § 16-6-5), kidnapping (OCGA § 16-5-40), and possession of a firearm during the commission of a crime (OCGA § 16-11-106). He argues that the evidence was insufficient to support the verdicts. We do not agree.

The 13-year-old victim testified that while he was walking toward a friend's house, Humphreys stopped his vehicle, a Jeep

---

[15] *Doe v. Garrett*, 903 F2d 1455, 1462-1463 (11th Cir. 1990).

Wagoneer, beside the victim. Humphreys reached across and opened the passenger side door and asked the victim if he wanted a ride. The victim, with one hand on the door and the other on the passenger seat, replied that he did not want a ride. Humphreys said, " 'No, I'll take you,' " and "yanked" him into the car. While driving with the victim, Humphreys asked him if he had a girlfriend and if he had ever had sex. Humphreys also asked if he had "ever been felt on." The victim understood this latter question to be whether anyone had played with his "private parts" or penis. Humphreys told him, " 'You should try it sometimes.' " The victim once tried to get out of the car at a stop sign, but Humphreys "took off." Humphreys eventually stopped the car on a dirt road and parked in a wooded area. He then rubbed the victim's leg in the thigh or groin area and said, " 'Let me play with your thing,' " which the victim understood to be his penis.

The victim pushed Humphreys's hand away, jumped out of the vehicle, ran into a nearby business, and hysterically told an employee that a man with a gun had touched his crotch and wanted to " 'play with my thing.' " At some point before he touched the victim, Humphreys had opened his door and looked underneath the car, stating that the car was "running hot." At that time, the victim "looked up under the seat" and saw a firearm. He testified that he saw only the handle, which was brown. During the trial, he was shown State's Exhibit 6, a gun taken from Humphreys's vehicle several days later, and the victim testified that the exhibit was similar to the gun Humphreys had under his seat. After the vehicle was located by the police, the victim viewed it and unequivocally identified it as the one Humphreys had been driving. The victim also had no hesitation in choosing Humphreys as his assailant during a pre-trial photographic lineup.

Humphreys contends, in general, that the evidence presented at trial was insufficient to support the verdict. His only *specific* argument, however, relates to the firearm charge. He maintains that the State failed to prove that the gun was "within arm's reach," as required by the indictment. On appeal from a criminal conviction, a defendant cannot rely on the presumption of innocence, and we do not weigh evidence or judge the credibility of the witnesses. We construe the evidence in favor of the verdict and determine only whether the evidence was sufficient to enable a rational trier of fact to find the defendant guilty of the crimes charged beyond a reasonable doubt. *Kinney v. State*, 234 Ga. App. 733, 734-735 (1) (506 SE2d 441) (1998). Under this standard, we conclude that ample evidence was presented through the victim's testimony to authorize the jury to conclude that Humphreys was guilty of all of the crimes charged against him, see *Johnson v. State*, 231 Ga. App. 823 (1) (499 SE2d 145) (1998)

(victim's testimony sufficient to enable jury to convict defendant), including the firearm charge.

Humphreys's possession of the firearm was established by his dominion over his vehicle, and the "final element" of this crime required proof only that he was "even momentarily within arm's reach of the gun." *Gibson v. State*, 223 Ga. App. 103 (1) (476 SE2d 863) (1996). With regard to this element, the jury could consider the size of the vehicle, which it viewed during the trial, and the fact that Humphreys was able to reach both the passenger's side door and the victim's groin area from the driver's side. From these facts, the jury could infer the necessary "juxtaposition" between Humphreys and the gun at sometime during the commission of the crimes. Id. See generally *James v. State*, 238 Ga. App. 552, 553 (519 SE2d 478) (1999) (contraband found underneath passenger's seat within arm's reach of driver's side).

*Judgment affirmed. Barnes and Phipps, JJ., concur.*

DECIDED JANUARY 17, 2002.

*Alfred F. Zachry*, for appellant.
*Peter J. Skandalakis, District Attorney, Nigel R. Lush, Assistant District Attorney*, for appellee.