## 50724. PRATER v. THE STATE.

QUILLIAN, Judge.

The defendant was indicted and tried for the offense of armed robbery. He was found guilty of robbery by intimidation and duly sentenced to ten years imprisonment. His motion for new trial was overruled, from which appeal was taken to this court. *Held:*

1. The evidence, while in conflict, was sufficent to authorize the verdict.

2. A certain excerpt from the judge's charge is contended to be error. The excerpt (which is italicized) was a portion of the following instructions to the jury: "Now, whatever punishment, if any, is set in the case will be determined by the jury after the question of guilt or innocence has been determined. *Now, further, I instruct you that at this time you are not in any way concerned with the punishment that will be inflicted in the case.* That is an entirely separate matter that comes in a second proceeding following the question of determining guilt or innocence; and what you twelve ladies and gentlemen are

charged with at this time — your responsibility is to determine one question, whether this defendant is guilty or not guilty, and once that has been determined, in the event the verdict is one of guilty, then you will hear further argument and possibly further evidence, and further instructions from the Court, after which it would be your duty to go back to the jury room and determine the punishment of a guilty verdict." (Emphasis supplied.)

The use of the word "will" in the context given did not amount to a prohibited expression of opinion by the trial judge.

3. (a) It is argued that the admission of a certain napkin containing the license number of the automobile utilized to flee the scene, and testimony relative thereto, was error. It is contended that such was hearsay.

The robbery victim, a witness for the state, was testifying as to what kind of automobile was involved: "It was a green — Cutlass. I don't know what year it was. He was sitting in this car, and I thought well, get his license number, you know, that's the only thing I could do. So I — in my mind, I memorized the license number, and ran back to my store and called the police. And then — just immediately after I got back here — someone — brought in a piece of paper — from the Huddle House, where someone had written down — [Counsel for the defendant]: Just a moment. I object to it. Hearsay. The Court: She has a right to testify what someone brought to her, I'll overrule that objection. [Counsel for defendant]. But she went further than that, sir. The Court: Well, go ahead. [Counsel for defendant]: I'd like to state for the record, that my objection goes to the complete answer of the witness; it was that someone brought that piece of paper which had something written on it. That was the answer I objected to. The Court: Well, I overrule the objection."

At the time the napkin was offered, counsel for the defendant objected: "Objection to No. 1, on the ground that it — that is a — the testimony referred to it as a 'Huddle House napkin' — as being hearsay, written by an unknown person." No objection was interposed to the introduction of the license number by the victim nor by other witnesses. The officer who investigated the crime testified as to the napkin without objection.

"If, on direct examination of a witness, objection is made to the admissibility of evidence,. neither cross-examination of the witness on the same subject-matter nor the introduction of evidence on the same subject-matter shall constitute a waiver of the objection made on direct examination." Code Ann. § 38-1713 (Ga. L. 1971, p. 460). This law ". . . deals with the waiver of an objection to evidence, and not to harmless error which results from legally admissible evidence rendering harmless the admission of incompetent or inadmissible evidence of the same fact." *Robinson v. State,* 229 Ga. 14, 16 (189 SE2d 53). Accord: *Thomas v. State,* 128 Ga. App. 32 (195 SE2d 681). No harmful error resulted from the admission of the evidence in question which was merely cumulative of testimony by other witnesses.

(b) Testimony otherwise inadmissible may be admitted for the sole purpose of explaining conduct. *White v. State,* 231 Ga. 290 (2) (201 SE2d 436); Code § 38-302; *Lundy v. State,* 130 Ga. App. 171, 174 (4) (202 SE2d 536).

4. Complaint is made of the admission of a group consisting of 6 photographs, one of which was a photograph of the defendant. Although other groups were shown this was the only group containing the defendant's photograph and he was so identified by the two of the state's witnesses. It is contended not that this group per se was inadmissible but that by not introducing all the groups of photographs shown to the witnesses, error was committed.

In Simmons v. United States, 390 U. S. 377 (88 SC 967, 19 LE2d 1247), it is held: "Each case must be considered on its own facts, and that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." See also *Hunter v. State,* 135 Ga. App. 172.

No violation of the rule therein set forth herein appears and it was not error to admit the evidence over the objection urged.

*Judgment affirmed. Pannell, P. J., and Clark, J.,*

*concur.*

SUBMITTED MAY 28, 1975 — DECIDED JULY 3, 1975.

*K. Reid Berglund,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph Drolet, Carole E. Wall, Assistant District Attorneys,* for appellee.