A92A0397. McGAHA v. THE STATE.
(418 SE2d 802)

CARLEY, Presiding Judge.

After a jury trial, appellant was found guilty of burglary. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's verdict of guilt.

1. Appellant objected to the admission of evidence regarding his identification at a pre-trial lineup. The trial court found that the lineup was impermissibly suggestive. Compare *Denegal v. State,* 193 Ga. App. 238 (1) (387 SE2d 434) (1989). However, the trial court also found that there was not a substantial likelihood of irreparable misidentification and admitted the evidence. This evidentiary ruling is enumerated as error.

"The factors to be considered in determining whether there was a substantial likelihood of irreparable misidentification are: '(1) opportunity to view the defendant at the time of the offense . . . ; (2) the witness' degree of attention . . . ; (3) the accuracy of the witness' prior description . . . ; (4) level of certainty demonstrated . . . ; (5) the length of time between the crime and the identification. . . .' [Cit.]" *Pack v. State,* 182 Ga. App. 618, 619 (356 SE2d 557) (1987). The record shows that, after considering these factors, the trial court correctly found that there was no substantial likelihood of irreparable pre-trial misidentification of appellant by the victims. See *Brown v. State,* 192 Ga. App. 187, 188-189 (1) (384 SE2d 254) (1989); *Pack v. State,* supra at 619. "Accordingly, the trial court did not err in allowing the victims' pre-trial identification of [appellant] into evidence." *Pack v. State,* supra at 619.

2. Appellant also enumerates as error the admission into evidence of his prior burglary convictions.

Appellant's sole objection in the trial court was that the prejudi-

cial impact of the prior convictions on the jury outweighed the probative value thereof. In his brief on appeal, however, appellant urges only that the State failed to make the affirmative showings required by *Williams v. State,* 261 Ga. 640, 642 (2b) (409 SE2d 649) (1991). "[N]othing in . . . *Williams* suggests that the Supreme Court has determined to dispense with the long-standing rule that, to warrant appellate consideration, an objection to the admission of evidence must first have been raised in the trial court. If the argument[s] that appellant advances in his brief had been raised in the form of an objection in the trial court, it is possible that . . . *Williams* might warrant a reversal of appellant's conviction. In the absence of such an objection, however, any discussion of . . . *Williams* in the instant case is inappropriate." *Hunter v. State,* 202 Ga. App. 195, 198 (3) (413 SE2d 526) (1991).

The objection which was made in the trial court must be considered as having been abandoned by appellant on appeal because "he fails to provide any supporting legal authority or to make any supporting legal argument. [Cit.]" *McGraw v. State,* 199 Ga. App. 389, 392 (6) (405 SE2d 53) (1991). Nevertheless, the record does show that appellant acknowledged in the trial court some factual similarity between the instant burglary and those burglaries for which he was previously convicted and that he asserted no prejudice beyond that which would result from the admission of prior offenses against the defendant in any criminal case.

*Judgment affirmed. Pope and Johnson, JJ., concur.*

DECIDED MAY 15, 1992.

*Richard Thurman,* for appellant.
*Roger Queen, District Attorney,* for appellee.