A93A0757. WALKER v. THE STATE.
(431 SE2d 459)

ANDREWS, Judge.

Walker was convicted of trafficking in cocaine, obstruction of a police officer, fleeing and attempting to elude a police officer, and DUI.

Viewing the evidence in the light most favorable to the verdict, it was that on September 30, 1990, Walker was seen by Officer Larry Young, a deputy with the Carroll County Police Department, stopped in a Maverick at a traffic light at the intersection of Highways 78 and 61. Walker was stopped in the southbound lane, although his vehicle was headed north.

Officer Young got out of his vehicle and approached Walker's vehicle to investigate the situation and Walker sped off down Highway 78. Young chased him approximately five or six miles while using the blue lights and siren of his vehicle. At times the chase exceeded 105 mph and Young testified that Walker's driving was reckless.

Walker slowed down and pulled off the road in an area which was rural and wooded. He left the engine on the vehicle running and the lights on, and he jumped out and ran from the car. Walker saw Young and stumbled, and then turned around and ran off in the other direction along a fence in the woods. Young, who had contacted the police dispatcher, chased Walker for several minutes and finally grabbed him. Walker then began fighting with Young and Walker started to grab for his own gun. Young commanded Walker to stop resisting and when he did not, Young hit him with a flashlight. During this encounter, Walker smelled of alcohol, had slurred speech, bloodshot eyes and was unsteady on his feet.

After Walker was arrested, the area in which Walker's vehicle

stopped was searched. Two bags of cocaine were discovered, which together weighed 49.8 grams. One of the bags was found in the area near Walker's car where Walker had stumbled upon seeing Young. The other package of the drug was found about fifty feet from the front of the car, six or seven inches on the other side of the fence next to which Walker had been running.

The search of Walker's vehicle revealed various items used in measuring cocaine, including a set of scales and small clear plastic bags. Also found was a clear rubber plastic hose, some pills and a gun on the vehicle's front seat. Walker had a total of $4,260 on his person, mostly in small denominations.

The woman who resides in the house closest to where the chase occurred testified. She stated that she and her husband were unfamiliar with cocaine and that on the day after the chase, they found a small bottle and a handkerchief on their property. She stated that the area around that fence was not heavily trafficked.

Walker testified at trial. He explained that he ran from the police officer because he had alcohol in the vehicle and that even though he was a diabetic, he had consumed a small amount of alcohol.

1. In his first enumeration of error, Walker contends that the evidence was insufficient for conviction. Walker's argument concerns only the conviction for trafficking in cocaine, he does not argue that the evidence regarding the other convictions was insufficient. He claims that since the cocaine was found on the ground near his car and on the other side of the fence near where the police chased him, a rational trier of fact could not have found him guilty beyond a reasonable doubt and the evidence failed to exclude all other reasonable hypotheses other than his guilt.

We find this argument without merit. "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused. OCGA § 24-4-6. A reasonable hypothesis as used in this Code section refers only to such reasonable inferences as are ordinarily drawn by ordinary men in the light of their experience in everyday life; it does not mean that the act might by bare possibility have been done by someone else. (Cits.)" (Punctuation omitted.) *Bean v. State*, 204 Ga. App. 242, 243 (1) (418 SE2d 798) (1992).

Here, there was sufficient evidence to support the conviction. "Thus, contrary to defendant's contentions, the State was able to show more than defendant's mere spatial proximity to the contraband. The evidence points toward defendant and only him. We hold sufficient evidence was presented to authorize the jury to disregard the only hypothesis offered by defendant and to authorize defendant's conviction. . . ." (Citations and punctuation omitted.) *Bean*,

supra at 243. Further, there was no affirmative evidence that anyone other than Walker had an equal opportunity to commit the crime. *Cochran v. State*, 190 Ga. App. 884, 886 (1) (380 SE2d 319) (1989). The evidence was sufficient for conviction. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Secondly, Walker claims that the trial court erred in admitting evidence of similar transactions in that the State failed to present and the trial court failed to make the requisite findings pursuant to *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991).

Prior to trial the court held a hearing regarding the similar transaction evidence. The State presented evidence that on June 15, 1991, Officer Talley had observed Walker driving on the wrong side of the road. When Talley attempted to stop Walker he fled, and a ten-minute chase ensued. Walker veered off the road into a pasture and then fled on foot. After a struggle with Walker, Talley subdued Walker. A subsequent search revealed that Walker was carrying what appeared to be crack cocaine.

At the time of the hearing regarding this similar transaction, the trial court found that Walker had received notice of the State's intention to introduce the other crime. The trial court determined, and defense counsel agreed, that the transactions were similar. In response to the trial court's inquiry, defense counsel replied in the affirmative when the trial court asked if he objected to the introduction of the evidence since the prejudicial impact of the evidence outweighed its probative value. Defense counsel then requested that the court give limiting instructions regarding the evidence at the time it was introduced. At trial he again renewed this objection. Walker's argument here is that the State failed to make the showings required by *Williams*, specifically that it did not set out the purpose for which the similar transaction evidence was offered.

Immediately following the State's presentation of the similar transaction evidence, the court gave a detailed instruction regarding the purpose for which the similar transaction evidence was offered. The court explained that the evidence was admitted solely for the purpose of determining the "knowledge, common design, modus operandi, motive, intent, good or bad faith, bent of mind, plan, scheme and course of conduct, identity or other matters dependent upon a person's state of mind" and that the jury was not to consider the evidence for any other purpose.

In *Williams*, supra, our Supreme Court determined that before any evidence of independent offenses or acts may be admitted, a hearing must be held pursuant to Uniform Superior Court Rule 31.3 (B) and three showings made. The showings are (1) that the State "seeks to introduce evidence of an independent offense or act for an appropriate purpose; (2) there is sufficient evidence to establish the

accused committed the independent offense or act; and (3) there is a sufficient similarity between the independent offense or act and the crime charged so that the proof of the former tends to prove the latter. *Williams*, 261 Ga. at 642. After the 31.3 (B) hearing, and before any evidence concerning a particular independent offense or act may be introduced, the trial court must make a determination that each of these three showings has been satisfactorily made by the state as to that particular offense or act." (Punctuation omitted.) *Riddle v. State*, 208 Ga. App. 8 (1) (b) (430 SE2d 153) (1993).

"This court has held, however, in cases in which a Rule 31.3 (B) hearing was held, that the failure of a defendant to object to the introduction of similar transaction evidence on the basis that the State has not made a sufficient showing and/or the trial court has not made the requisite findings as required by Rule 31.3 (B) and our Supreme Court's decision in *Williams* precludes appellate consideration of those issues. See, e.g., *Hunter v. State*, 202 Ga. App. 195, 198 (3) (413 SE2d 526) (1991) . . . *McGaha v. State*, 204 Ga. App. 248 (418 SE2d 802) (1992); *Shields v. State*, 202 Ga. App. 659 (2) (415 SE2d 478) (1992)." *Riddle*, supra.

In *McGaha*, supra, a similar situation to the instant one arose. There, "[a]ppellant's sole objection in the trial court was that the prejudicial impact of the prior convictions on the jury outweighed the probative value thereof. In his brief on appeal, however, appellant urges only that the State failed to make the affirmative showings required by *Williams*[, supra]. Nothing in . . . *Williams* suggests that the Supreme Court has determined to dispense with the long-standing rule that, to warrant appellate consideration, an objection to the admission of evidence must first have been raised in the trial court." (Citations and punctuation omitted.) *McGaha*, supra at 249. See also *Lee v. State*, 205 Ga. App. 659 (2) (423 SE2d 29) (1992); *Jackson .v. State*, 205 Ga. App. 513 (1) (422 SE2d 673) (1992); compare *Dewberry v. State*, 205 Ga. App. 752 (423 SE2d 310) (1992).

*Judgment affirmed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED MAY 24, 1993.

*Word & Flinn, Gerald P. Word*, for appellant.
*Peter J. Skandalakis, District Attorney, Anne C. Allen, Assistant District Attorney*, for appellee.