A95A2614. BUCKNER v. THE STATE.
(464 SE2d 11)

BLACKBURN, Judge.

James Buckner appeals his conviction of two counts of violating the Georgia Controlled Substances Act by selling cocaine.

1. In his first enumeration of error, Buckner contends the trial court erred by refusing to grant a two-day continuance after the hearing on the State's intent to introduce a certificate of drug analysis pursuant to OCGA § 35-3-16.

OCGA § 35-3-16 allows for the introduction of a certificate of drug analysis as evidence of "the composition, quality, and quantity of the substance submitted to the laboratory for analysis." OCGA § 35-3-16 (b). Subsection (c) requires that the party seeking to offer a certificate of drug analysis into evidence provide notice of its intent to its opposing party ten days prior to the proceeding. The opposing party is allowed ten days from the date of receipt of notice in which

to object to the use of the certificate. "Whenever a notice of objection is filed, admissibility of the certificate shall be determined not later than two days before the beginning of the trial. . . . The time limitations set forth in this Code section shall not be relaxed except upon a showing of good cause." OCGA § 35-3-16 (c).

In the present case, Buckner was notified of the State's intent to rely upon a certificate of drug analysis by notice dated February 24, 1995. Buckner objected to the use of the certificate by notice dated March 6, 1995. The trial in this matter took place on March 7, 1995. Prior to trial, the court held a hearing on the admissibility of the certificate. The trial court ruled that the certificate could not be introduced, and the State withdrew the certificate from consideration opting instead to have Katherine Lee testify as to the drug analysis.

Buckner's counsel argued that regardless of the trial court's decision, his client was entitled to a two-day continuance to meet the timing requirement for the hearing contained in OCGA § 35-3-16 (c). We cannot agree. The mandates of OCGA § 35-3-16 (c) were no longer applicable upon the State's withdrawal of its intention to rely on the certificate of drug analysis; especially under the present circumstances, because Katherine Lee was previously listed as a witness and Buckner failed to establish any harm. Therefore, the trial court did not err in failing to allow a two-day continuance.

2. Buckner asserts the trial court erred by allowing evidence of similar transactions including his prior guilty plea thereto. On appeal, Buckner argues that during the Rule 31.3 (B) hearing, the trial court failed to make the specific findings required by *Williams v. State*, 261 Ga. 640, 642 (409 SE2d 649) (1991). However, Buckner failed to object to the introduction of the similar transaction evidence. " 'This court has held . . . in cases in which a Rule 31.3 (B) hearing was held, that the failure of a defendant to object to the introduction of similar transaction evidence on the basis that the State has not made a sufficient showing and/or the trial court has not made the requisite findings as required by Rule 31.3 (B) and our Supreme Court's decision in *Williams* precludes appellate consideration of those issues. See, e.g., *Hunter v. State*, 202 Ga. App. 195, 198 (3) (413 SE2d 526) (1991) . . . *McGaha v. State*, 204 Ga. App. 248 (418 SE2d 802) (1992); *Shields v. State*, 202 Ga. App. 659 (2) (415 SE2d 478) (1992).' *Riddle* [*v. State*, 208 Ga. App. 8 (1) (b) (430 SE2d 153) (1993)]." *Walker v. State*, 208 Ga. App. 690, 693 (431 SE2d 459) (1993).

Buckner additionally asserts that the trial court erred by allowing the State's witness to testify as to his guilty pleas to the similar transactions. Buckner argues that the State is required to prove convictions by the introduction of a certified copy of the individual's conviction. The trial transcript reveals that the State had a certified copy of the indictment and conviction, and a discussion was held regarding

redacting certain portions of it. The trial court determined that redaction of the document would not be possible without changing the entire document, and the State was instructed to tell the jury that Buckner had pled guilty to the similar transactions. Buckner did not object to this procedure; he objected at trial only when the State's witness regarding the similar transactions testified that Buckner pled guilty. Buckner has failed to show any harm in the State's witness testifying as to his prior guilty pleas rather than the prosecutor stating the facts in his place. To the extent that Buckner's objection on appeal is different from that raised in the trial court, it is not properly before us. *Ellison v. State*, 216 Ga. App. 639 (3) (455 SE2d 361) (1995).

3. Buckner contends the trial court erred in its response to the jury's question regarding entrapment. After jury deliberations began, the jury requested instructions regarding entrapment. They asked: "We, the jury, do not understand entrapment under the law and how you consider somebody as being entrapped into selling." After a conference off the record, the trial court explained to the jury that entrapment was an affirmative defense which was not raised in this case and was not within the jury's province to decide. The trial court had not previously charged on entrapment and Buckner had not requested such a charge.

Although Buckner presented no evidence at trial and failed to request a charge on entrapment, he contends the trial court's instruction was an improper statement of the law because a defendant may rely upon the State's evidence to establish an affirmative defense. However, our review of the record does not reveal any evidence of entrapment, and Buckner has not cited to any evidence. Therefore, the trial court did not err in precluding the jury from considering an entrapment defense. Cf. *Lawson v. State*, 214 Ga. App. 464, 465 (2) (448 SE2d 14) (1994) (where charge not adjusted to facts, denial of request not error).

4. Buckner asserts the trial court erred in failing to give his requested charges regarding justification as a defense and affirmative defenses. The record does not contain evidence of justification or any affirmative defense; therefore, the trial court did not err in failing to give the requested charges. See id.

5. Buckner contends the trial court erred by allowing the evidence tags on the packages of cocaine to be admitted into evidence. Agent Collins with the Georgia Bureau of Investigation testified that on the day he purchased the cocaine he placed it in an evidence bag and labeled it with "the date, time of the buy, the property receipt number, the county where the evidence was obtained, the defendant, the reason it was obtained, and what I suspect the property to be." At trial, Buckner asserted that the writings should not go to the jury

because "it just shouldn't testify further." To the extent that this objection is based upon a "continuing witness" theory, we find it without merit.

"In Georgia the continuing witness objection is based on the notion that written testimony is heard by the jury when read from the witness stand just as oral testimony is heard when given from the witness stand. But, it is unfair and places undue emphasis on written testimony for the writing to go out with the jury to be read again during deliberations, while oral testimony is received but once. This continuing witness objection usually concerns testimonial documentary evidence, such as an affidavit and depositions [or] interrogatories. However, the objection has also been applied to unsworn, written dying declarations and written confessions or statements of criminal defendants, on the grounds that such statements are the equivalent of depositions." (Citations and punctuation omitted.) *Parks v. State*, 199 Ga. App. 736, 738 (406 SE2d 229) (1991) (admission of written statement on photographic lineup harmless).

In the present case, the information contained on the evidence tag was necessary to establish the chain of custody of the contraband. See *Morgan v. State*, 204 Ga. App. 178 (1) (419 SE2d 313) (1992) (physical precedent). Further, an evidence tag is not reasonably within the same category as sworn affidavits or depositions. However, we decline to find that evidence tags cannot be subject to a continuing witness objection because under the facts of this case, the admission of the evidence tags on the contraband was harmless. We find it highly improbable that the evidence tags contributed to the verdict. See *Parks*, supra.

To the extent that Buckner raises arguments on appeal which were not presented to the trial court, we find that such assertions are not properly before us. See *Ellison*, supra.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED NOVEMBER 3, 1995 —
RECONSIDERATION DENIED NOVEMBER 15, 1995 —

*Harvey J. Kennedy, Jr., John L. Strauss*, for appellant.
*Tommy K. Floyd, District Attorney, James L. Wright III, Assistant District Attorney*, for appellee.