## S97A0450. SMITH v. THE STATE.
### (485 SE2d 189)

HUNSTEIN, Justice.

Shannon Smith was found guilty of felony murder during the commission of an aggravated assault and armed robbery. Smith was sentenced to life imprisonment on each count. She appeals from the denial of her motion for new trial.[1]

1. Although not raised by Smith, we look to the general grounds. The evidence at trial established that during the robbery of a Golden Pantry convenience store by Smith's co-indictees Terrance Barnett, Cecil Bradford, Luke Morris and Shanadore Sims, the store clerk, Robert Klaver, was shot and killed. Although Smith was not present at the time the crimes were committed, the evidence showed that Smith, a former employee of the Golden Pantry convenience store chain, had aided and abetted in planning the commission of the robbery. Three accomplices testified that Smith instigated the robbery and used her knowledge as a former employee of the convenience store chain to give detailed instructions and suggestions to assist in carrying out the crime. Evidence was adduced that Smith had accompanied the other participants to the convenience store the day of the crime, ostensibly to get a job application, but actually for the purpose of inspecting the store prior to the robbery. Smith informed her accomplices of the time of day the store would have the most cash, how to disable the security camera, and planned the time the robbery was to occur. Smith denied any involvement in the incident, claiming that she was implicated by the other participants because she had refused to assist them. The evidence presented at trial was sufficient to authorize a rational trier of fact to find Smith guilty of the crimes charged beyond a reasonable doubt under the standard set forth in *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See OCGA § 16-2-20 (party to a crime).

2. Smith contends that the trial court's preliminary instruction to the jury that "this is not a case in which you'll be sequestered or

---

[1] The robbery and murder occurred on October 29, 1995. Smith was indicted in Clarke County on December 20, 1995. She was found guilty on May 2 and sentenced that same day. Her motion for new trial, filed May 15, 1996 and amended September 27, 1996, was denied on October 3, 1996. A notice of appeal was filed on October 16, 1996 and the appeal was docketed in this Court on December 10, 1996. It was submitted for decision without oral argument on April 3, 1997.

have to consider any issues in regard to sentencing in the event that it were to go that far," and the court's later instruction that "[y]ou are only concerned with the guilt or innocence of this accused. You're not to concern yourselves with punishment," constituted an expression or intimation of the court's opinion about her guilt in violation of OCGA § 17-8-57.[2]

At the outset we note that any objections to these jury instructions were not preserved for review. In general, "[d]efense counsel may object to such portions of jury instructions as are perceived at trial to be error and may also reserve the right to raise additional objections on motion for new trial or on appeal." *McCoy v. State*, 262 Ga. 699 (2) (425 SE2d 646) (1993). Smith did neither. We have followed this general rule in cases involving allegations such as Smith's, holding that the question of whether the statute has been violated is not reached unless an objection or motion for mistrial is made, or a general reservation of the right to object to the charges has been stated. *Sims v. State*, 266 Ga. 417 (2) (467 SE2d 574) (1996); *Rowe v. State*, 266 Ga. 136 (2) (464 SE2d 811) (1996). Smith made no contemporaneous objections and had no exceptions to the court's charge to the jury; accordingly, she waived the right to raise these issues on appeal. Id. Moreover, notwithstanding Smith's failure to preserve this issue for appeal, we find the enumeration to be without merit as the instructions given by the trial court were similar to instructions which have been consistently found acceptable. See, e.g., *Mullen v. State*, 197 Ga. App. 26 (4) (a) (397 SE2d 487) (1990); *Prater v. State*, 135 Ga. App. 341 (2) (217 SE2d 644) (1975).[3]

3. Smith's final claim that the trial court erred in admitting similar transaction testimony of Rebecca Richardson has also been waived due to Smith's failure to object to the introduction of the similar transaction evidence at trial. *Buckner v. State*, 219 Ga. App. 71 (2) (464 SE2d 11) (1995). We additionally note that this argument lacks merit. The trial court conducted a hearing pursuant to Uniform Superior Court Rule 31.3 (B) and ruled that Richardson's testimony

---

[2] This statute provides that "[i]t is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused."

[3] Smith's situation is readily distinguishable from that found in *Gaither v. State*, 234 Ga. 465 (2) (216 SE2d 324) (1975), where a new trial was mandated under Ga. Code Ann. § 81-1104, the predecessor to OCGA § 17-8-57, due to the trial court's suggestion to the jury that they write their verdict at the top of each indictment "because later on in the sentencing feature of the case, you will have to write the sentencing feature in the bottom part of the page." Id. at 466. While the comment in *Gaither* constituted an assumption that the sentencing phase would take place, the comments by the court in Smith's trial merely indicated that if sentencing were necessary, it would be handled in a separate proceeding. This did not imply an opinion as to whether such a proceeding would actually take place, i.e., whether Smith was guilty.

was admissible. Richardson testified that she knew Smith while Smith was working at the Golden Pantry store. In two discussions during the summer of 1995, Smith told Richardson that she wanted to find someone to rob her at work. Smith went on to discuss with Richardson the surveillance cameras in the store and the amount of money in the cash register at certain times during the day. Evidence of an independent act may be admissible after a Rule 31.3 (B) hearing "if the state makes three showings: (1) that the evidence is offered, not to raise an improper inference regarding the character of the defendant, but for a proper purpose; (2) that there is sufficient evidence that the defendant committed the independent act; and (3) that there is sufficient similarity between the independent act and the charged offense to demonstrate that the independent act is logically relevant to a material issue in dispute in the trial." *Mitchell v. State*, 265 Ga. 71 (2) (453 SE2d 731) (1995). Richardson's testimony was not offered to impugn Smith's character, but to show intent and bent of mind, and was sufficient to establish that Smith did engage in these conversations. Several of the details provided in the conversations between Richardson and Smith were sufficiently similar to the ultimate crime that they could be considered relevant to the State's contention that Smith had recruited and instructed others how to commit the armed robbery of the convenience store. Accordingly, the trial court did not err in admitting this evidence.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 12, 1997.

*Hudson & Montgomery, David R. Montgomery,* for appellant.

*Harry N. Gordon, District Attorney, Richard L. Dickson, Assistant District Attorney, Michael J. Bowers, Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.