A97A2143. WATSON v. THE STATE.
(495 SE2d 305)

Judge Harold R. Banke.

Alvin Richard Watson's first trial culminated in a mistrial. At his second trial, the jury convicted Watson of child molestation and aggravated child molestation. He enumerates six errors.

---

This case arose after Watson's divorce from the victim's mother. *Price v. State*, 222 Ga. App. 655, 657 (2) (475 SE2d 692) (1996) (evidence on appeal must be viewed in a light most favorable to the verdict). In the divorce decree, Watson received visitation rights with his daughter, the product of his failed marriage.

At trial, Watson's eleven-year-old daughter testified that beginning approximately four years before, Watson began molesting her by placing his hand in her vagina and orally stimulating her sex organs. She stated that this abuse occurred every weekend she visited him for several years. *Held*:

1. The evidence, viewed in the light most favorable to the verdict, is sufficient as a matter of law to permit the jury to find all the essential elements of the crimes. *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979). The 11-year-old victim's testimony that Watson orally sodomized her established the elements of aggravated child molestation. OCGA § 16-6-4 (c). Her testimony that Watson "put his hand up inside" her established the essential elements of child molestation. OCGA § 16-6-4 (a).

2. We reject Watson's contention that double jeopardy barred this prosecution. Watson's mistrial occurred after the State played a tape of the victim which included statements about Watson's alleged molestation of his stepdaughter. Just prior to the first trial, the State agreed to proceed without admitting similar transaction evidence because it failed to timely file and serve notice of its intention to use similar transaction evidence as required under Uniform Superior Court Rule 31.1. Watson maintains that his retrial was improper because prosecutorial misconduct caused the mistrial.

A premise basic to double jeopardy analysis is that retrial is not barred where reversal of the conviction results from trial error rather than evidentiary insufficiency. *State v. D'Auria*, 222 Ga. App. 615, 616 (475 SE2d 678) (1996). Prosecutorial misconduct does not trigger the double jeopardy bar absent a finding that the State's actions were intended to subvert the protections afforded by the Double Jeopardy Clause. Id. This is a question of fact for the trial court's resolution. *Reed v. State*, 222 Ga. App. 376, 378 (1) (474 SE2d 264) (1996).

During a hearing on Watson's double jeopardy plea in bar, the trial court determined that the State had not intentionally subverted the Double Jeopardy Clause. It based this decision in part on the fact that the State declined the court's offer for a continuance to satisfy USCR 31.1 and asked to commence the second trial immediately after the mistrial was declared. The prosecutor also indicated that Watson's case was her first trial as an assistant district attorney and she was overly aggressive. Under these circumstances, we cannot say the trial court's conclusion was error. Id.

3. We reject Watson's contention that results from a polygraph

examination he failed were improperly admitted. The record shows that Watson stipulated to the admission of the results of a polygraph test "to assist in determining whether . . . [he] committed the crime(s) of aggravated child molestation." This stipulation was "not only binding on . . . [the parties] individually but upon all further parties and their successors in interest, i.e., such other counsel as the State or the Defendant may retain or employ for any trial or hearing involving this indictment." Although the offenses remained the same, Watson was reindicted to correct the wording of the indictment and he maintains that the change in indictment numbers invalidates the stipulation. Watson maintains that because he was reindicted on these charges, the stipulation is no longer binding. We disagree.

The results of polygraph tests are admissible only by express stipulation. *State v. Chambers*, 240 Ga. 76, 77 (239 SE2d 324) (1977). But where, as here, the defendant was reindicted on the same offenses to correct a phrasing omission and the substance of the charges remained unchanged, we decline to find that the stipulation was invalidated. Notwithstanding Watson's assertions to the contrary, the fact that the indictment number changed or that Watson may have entered into the stipulation after he took the polygraph test is not determinative. Neither the letter nor the spirit of the stipulation demands a different result. Compare *Chambers v. State*, 146 Ga. App. 126, 129 (245 SE2d 467) (1978). Nor has Watson presented authority requiring reversal.

4. The trial court's exclusion of a redacted copy of Sheila Chesser's indictment on unrelated cocaine possession charges does not require reversal. On cross-examination, Watson sought to impeach Chesser, his ex-wife, with the record of her prior conviction for possession of cocaine. However, to conceal the fact that he was also charged in that indictment and avoid injecting his character into the trial, he redacted his name from it. The State successfully objected to the indictment's admission, arguing the indictment was not a true and correct copy. Watson declined the trial court's offer to allow him to impeach Chesser with certified copies of the plea, the conviction, and the unredacted indictment.

We cannot say the trial court abused its discretion in sustaining the State's objection where the document at issue was altered without the opposing party's consent or the court's permission after it was certified as authentic. See OCGA § 24-7-20; see *Rice v. State*, 178 Ga. App. 748 (1), 749 (344 SE2d 720) (1986); *Daniel v. State*, 196 Ga. App. 160, 161 (1) (395 SE2d 638) (1990). Nor did the court abuse its discretion in requiring the inclusion of the indictment as part of the record of conviction. See *Doggett v. Simms*, 79 Ga. 253, 256-257 (1) (4 SE 909) (1888); Daniel, Ga. Handbook on Criminal Evidence, § 10-6 (1997). In any event, these decisions, if error, were harmless in light

of the evidence against Watson, particularly the victim's testimony. See *Smith v. State*, 222 Ga. App. 366, 369-370 (4) (474 SE2d 272) (1996); *Letlow v. State*, 222 Ga. App. 339, 342-343 (2) (474 SE2d 211) (1996) (error is harmless if it is highly probable that it did not contribute to the judgment). Watson raises his claim that the ruling precluded a thorough and sifting cross-examination, thereby abridging his right to confrontation, for the first time on appeal. See *Buckner v. State*, 219 Ga. App. 71, 73 (2) (464 SE2d 11) (1995). Assuming that the issue was properly preserved, it too fails under harmless error analysis. *Letlow*, 222 Ga. App. at 342-343.

5. Watson challenges the admission of similar transaction evidence that he molested his stepdaughter on several grounds. Having reviewed the record, we find the State satisfied the requisites of *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). Notwithstanding Watson's contention to the contrary, the trial court was not required to conduct an on the record balancing test. *Fetterolf v. State*, 223 Ga. App. 744, 746 (3) (478 SE2d 889) (1996). Nor is reversal required by the trial court's failure, at the time the similar transaction evidence was admitted, to instruct the jury of the limited purpose for which it was admitted. Watson's failure to request such an instruction undermines this argument. *Bell v. State*, 219 Ga. App. 553, 554 (2) (466 SE2d 68) (1995); see *Evans v. State*, 201 Ga. App. 20, 28 (8) (410 SE2d 146) (1991).

Watson also contends that the trial court admitted the similar transaction evidence for an unspecified improper purpose. The trial court gave the standard charge on similar transactions without tailoring it specifically to the instant case. While the inclusion of a comprehensive list of possible purposes in a charge is not appropriate, in this case, the court concluded its instruction by specifying that the evidence could be considered to show knowledge or intent. Compare *Stephan v. State*, 205 Ga. App. 241, 243-244 (2) (422 SE2d 25) (1992). The error, if any, was waived by Watson's failure to preserve the issue by objecting when the evidence was introduced. *Buckner*, 219 Ga. App. at 73 (2).

6. In his final enumeration of error, Watson contends for the first time that he was denied effective assistance of counsel. The record shows that trial counsel no longer represents him. We therefore remand this case to the trial court for a hearing on the ineffectiveness claim. *Saldona v. State*, 219 Ga. App. 762, 763 (3) (466 SE2d 655) (1996).

*Judgment affirmed and case remanded with direction. Pope, P. J., and Johnson, J., concur.*

DECIDED DECEMBER 3, 1997 —
RECONSIDERATION DENIED JANUARY 5, 1998

*Berry & Shelnutt, John M. Shelnutt*, for appellant.
*J. Gray Conger, District Attorney, Frances D. Hakes, Assistant District Attorney*, for appellee.