### A98A1151. NEWMAN v. THE STATE.
(504 SE2d 476)

BLACKBURN, Judge.

James Newman appeals his conviction of two counts of child molestation, asserting numerous errors. For the reasons discussed below, we affirm.

1. Newman contends that the evidence was insufficient to support the convictions. "On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld. The testimony of a single witness is generally sufficient to establish a fact." (Punctuation omitted.) *Jessup v. State,* 224 Ga. App. 176, 177 (480 SE2d 232) (1996).

Viewed in the light most favorable to the verdict, the evidence shows that, in January and February 1997, Newman often stayed at the home of his daughter and nine-year-old granddaughter. During this period, he would sometimes sleep in the same bed with his granddaughter. The granddaughter testified that, while she pretended to be sleeping, Newman would pull up her nightgown and rub her vagina and breasts with his hand. Sometimes he would take off her panties. She testified that she eventually told her mother about the touchings, and that she also told Laura McElrath, a detective for the Gordon County Sheriff's Department.

McElrath testified that she interviewed the victim on February 19, 1997. A videotape of the interview was introduced into evidence and played for the jury. The victim's statements in the interview were consistent with her trial testimony that Newman touched her private parts while in her bed.

The State also presented evidence of a similar transaction in which Newman had previously molested another minor on numerous occasions by touching her vagina while giving her piggyback rides.

This evidence was sufficient to persuade a rational trier of fact of Newman's guilt beyond a reasonable doubt of child molestation. See

*Kapua v. State*, 228 Ga. App. 193, 194-196 (1) (491 SE2d 387) (1997).

2. Newman contends that the trial court erred by failing, during the Uniform Superior Court Rule 31.3 (B) hearing, to make an express determination that the probative value of the similar transaction evidence outweighed the prejudice to Newman. However, Newman made no specific objection to the similar transaction testimony on these grounds, either at the similar transaction hearing or when the testimony was offered at trial. Accordingly, he cannot raise this issue on appeal. See *Garner v. State*, 180 Ga. App. 146, 147 (1) (348 SE2d 690) (1986) (failure to make timely and specific objection to admission of prejudicial evidence constitutes waiver); *Watson v. State*, 230 Ga. App. 79, 82 (5) (495 SE2d 305) (1997).

To the extent that Newman is arguing that a trial court has an affirmative obligation, as part of the USCR 31.3 (B) similar transaction hearing, to make an express determination that the probative value of similar transaction evidence outweighs its prejudice to the defendant, he misunderstands the duties of the trial court in such hearing. The only issues required to be considered by the trial court in a similar transaction hearing are those set forth in *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991): (1) whether "the state seeks to introduce evidence of the independent offense or act, not to raise an improper inference as to the accused's character, but for some appropriate purpose which has been deemed to be an exception to the general rule of inadmissibility," (2) whether "there is sufficient evidence to establish that the accused committed the independent offense or act," and (3) whether "there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter."

It is true that, like any other evidence, the trial court has the discretion to exclude relevant similar transaction evidence on the grounds that its probative value is substantially outweighed by the danger of unfair prejudice. *White v. State*, 213 Ga. App. 429, 430 (1) (445 SE2d 309) (1994); *Brockman v. State*, 263 Ga. 637, 640 (3) (436 SE2d 316) (1993). However, this determination is not, strictly speaking, part of the *Williams* analysis, and the trial court is not obligated to make an express finding on this issue as part of the USCR 31.3 (B) hearing. In order to claim error in the introduction of unfairly prejudicial evidence, the defendant must make a proper objection on such grounds. See *Garner,* supra. As Newman failed to object to the introduction of the similar transaction evidence on these grounds, he has waived this issue on appeal.

3. At trial, the victim's mother testified that, as a result of, among other things, publicity in the JonBenet Ramsey murder case, she asked her daughter whether anybody had bothered her, and that the daughter then told her about Newman's actions. On cross-

examination, Newman asked the following question: "And along with the JonBenet Ramsey matter that caused you to bring up this inquiry to [the victim] was conversations that you had with Laura Woods [the mother's sister-in-law] about the visions or thoughts or dreams that Laura Woods had about James Newman with your daughter?" After the State raised a hearsay objection, Newman responded by stating that the conversation was relevant to show the mother's actual reason for approaching her daughter. The court refused to allow the question, finding that the mother's reason for approaching her daughter was not relevant. The court allowed Newman to ask whether conversations with Woods prompted the mother to ask the victim about any improper touching. In response to this question, the mother denied that any conversation with Woods prompted her to approach her daughter, noting that she seldom spoke with Woods. Newman now contends that the trial court erred in sustaining the State's objection to his initial question.

The admission or exclusion of evidence on grounds of relevancy is within the sound discretion of the trial court, and such discretion will not be disturbed on appeal absent a clear abuse of discretion. *Knapp v. State*, 229 Ga. App. 175, 177 (2) (493 SE2d 583) (1997); *O'Neal v. State*, 254 Ga. 1, 3 (3) (325 SE2d 759) (1985). Under the circumstances of this case, we cannot say that the trial court abused its discretion in sustaining the State's objection to Newman's question. Newman has not shown any basis for his contention that Woods in fact told the mother of "dreams" or "visions" she had had about Newman and the victim. The only support Newman cites for such a contention is a statement given by the mother to Officer McElrath, in which she referred to the JonBenet Ramsey case and stated that "I had been having a bad feeling and other people in the family been having bad feelings." Nothing in this statement referred to a conversation with Woods or to any statement by Woods about dreams or visions. The mother specifically denied that any conversation with Woods prompted her to approach her daughter. In the absence of any factual basis for Newman's question, the trial court did not abuse its discretion in sustaining the State's objection.

4. Newman contends that the introduction of both a videotape and the live testimony of the victim was repetitious and prejudicial. This ground has been uniformly decided adversely to Newman. *Price v. State*, 220 Ga. App. 176, 178 (3) (469 SE2d 333) (1996); *Guest v. State*, 216 Ga. App. 457, 458-459 (3) (454 SE2d 622) (1995). The playing of the videotape of the interview does not constitute an impermissible bolstering of the victim's testimony. *Knight v. State*, 210 Ga. App. 228, 230 (2) (435 SE2d 682) (1993).

5. Newman further contends that the trial court erred in allowing the jury, upon its request during deliberations, another

viewing of the videotape. The replaying of evidence which the jury asks to hear is within the discretion of the trial court, and we cannot say that the trial court abused its discretion in this instance. *Nelson v. State*, 208 Ga. App. 671, 673 (4) (431 SE2d 450) (1993); *Lee v. State*, 259 Ga. 230, 232 (4) (378 SE2d 855) (1989).

6. Newman contends that the trial court erred in failing to instruct the jury that the presumption of innocence stays with the defendant throughout the trial. However, the trial court correctly charged the jury on the presumption of innocence, and that such presumption remains until it is overcome by evidence sufficient to convince the jury that the defendant was guilty beyond a reasonable doubt. "This is a complete and accurate statement of law. It is no longer necessary to give the exact language of requests to charge when the same principles are fairly given to the jury in the general charge of the court." (Punctuation omitted.) *Guyton v. State*, 206 Ga. App. 145, 147 (5) (424 SE2d 87) (1992).

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED JULY 1, 1998 —
RECONSIDERATION DENIED AUGUST 10, 1998 —

*Jones & Ledbetter, Howard W. Jones,* for appellant.
*T. Joseph Campbell, District Attorney, Sharon M. Fox, Assistant District Attorney,* for appellee.