A99A0287. TALMADGE v. THE STATE.
(512 SE2d 329)

ELDRIDGE, Judge.

Defendant Maurice Talmadge appeals from his 1996 conviction for obstructing a law enforcement officer. We affirm.

"On appeal[,] the evidence must be viewed in a light most favorable to the verdict, and appellant no longer enjoys a presumption of innocence; moreover, on appeal this court determines evidence sufficiency, and does not weigh the evidence or determine witness credibility. [Cits.]" *Grant v. State*, 195 Ga. App. 463, 464 (393 SE2d 737) (1990); see also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). In evaluating the sufficiency of the evidence, "the relevant question is whether . . . *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. [Cit.]" (Emphasis in original.) Id. at 319.

Viewed in such light, the facts are as follows: At approximately 3:10 p.m. on November 26, 1995, an officer from the Monroe County Sheriff's Department stopped the defendant during a routine road check on Old High Falls Road in Monroe County. The defendant told the officer that he did not have a driver's license. The officer placed the defendant under arrest and attempted to put handcuffs on him while the defendant was still in the car; the officer testified that he placed himself between the car door and the defendant because the defendant "had always tried to flee" from officers when stopped in the past. The defendant pulled away from the officer and attempted to

crawl across the passenger side, apparently in an effort to escape through the window. At this time, the defendant also seemed to be reaching for the vehicle's glove compartment, from which a loaded .38 caliber handgun was recovered during a subsequent inventory search. The officer, who had received assistance by this time, attempted to pull the defendant back into the car. Other officers surrounded the car. At this time, the defendant was "actively fighting" with the arresting officer. A scuffle ensued, during which the defendant kicked the officers and attempted to grab the weapons of the officers. The officers subdued the defendant after spraying him with mace and charged him with felony obstruction of a law enforcement officer, OCGA § 16-10-24 (b).[1]

Following an October 1996 jury trial, the jury found the defendant guilty of felony obstruction. He was sentenced to five years imprisonment. On November 14, 1996, trial counsel filed a motion for new trial, asserting only the general grounds.[2] The defendant timely appeals from the denial of such motion. *Held*:

1. In his first two enumerations of error, the defendant asserts that similar transaction evidence should have been excluded from trial for various reasons. We disagree.

On October 10, 1996, the State gave the defendant notice of its intention to present evidence of similar transactions. These transactions included (1) a guilty plea for a June 5, 1993 charge of, inter alia, obstruction of a law enforcement officer; (2) a guilty plea for a July 3, 1993 escape charge; and (3) a pending warrant for a June 27, 1996 charge for obstruction of a law enforcement officer. The State asserted during the pre-trial Uniform Superior Court Rule 31.3 (B) hearing that the purpose of introducing the evidence was to demonstrate the defendant's bent of mind or course of conduct, i.e., "that when he comes upon a license check he is going to attempt to run."

(a) During the pre-trial USCR 31.3 (B) hearing, and again at trial, trial counsel specifically stated that he did not object to the introduction of either the June 5, 1993 or June 27, 1996 obstruction charges. Accordingly, any objections as to the admission of the June 1993 and June 1996 similar transactions are waived. *Smith v. State,*

---

[1] Under OCGA § 16-10-24 (b), "[w]hoever knowingly and willfully resists, obstructs, or opposes any law enforcement officer . . . in the lawful discharge of his official duties by offering or doing violence to the person of such officer or legally authorized person is guilty of a felony and shall, upon conviction thereof, be punished by imprisonment for not less than one nor more than five years."

[2] During the October 8, 1997 motion hearing, the trial court expressly denied the motion; it issued a written order the same day. However, the written order denying the motion was not sent to the defendant, and on June 25, 1998, he filed a motion to set aside the order pursuant to OCGA § 9-11-60 (g). The trial court set aside the order denying the defendant's motion for new trial and reissued such order on August 25, 1998.

268 Ga. 42, 43 (3) (485 SE2d 189) (1997); *Watson v. State*, 230 Ga. App. 79, 82 (5) (495 SE2d 305) (1998); *Hunter v. State*, 202 Ga. App. 195 (413 SE2d 526) (1991).

(b) However, during the pre-trial hearing, trial counsel objected to the introduction of the July 3, 1993 escape incident,[3] asserting that it had been erroneously characterized as an obstruction charge in the State's October 10, 1996 notice of intent to introduce similar transactions and that it was "not similar" to the obstruction incident for which the defendant was being tried. Trial counsel admitted that the erroneous characterization was an "apparent mistake" or a typographical error. In response, the trial court noted that a copy of the indictment for the July 1993 charge had been attached to the similar transaction notice; a copy of the defendant's plea agreement also was attached. Accordingly, we find that the trial court properly determined that the defendant had been given the required notice of the State's intention to introduce the similar transactions. See USCR 31.1; 31.3 (B).

(c) Further, during the pre-trial hearing, the State presented facts regarding the July 3, 1993 incident that the evidence would prove at trial. According to the State, the evidence would show that, after being stopped by a routine license check roadblock, the defendant told an officer that his license had been suspended. As the officer attempted to arrest and handcuff the defendant, the defendant ran away.[4]

The trial court found that the facts of the incident were sufficiently similar to the present obstruction charge to allow its admission for the purpose of demonstrating the defendant's bent of mind or course of conduct. This Court agrees. "Having reviewed the record, we find the State satisfied the requisites of *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991)." *Watson v. State*, supra at 82 (5).

(d) However, the defendant also asserts that the trial court erred in failing to make an express finding that the probative value of the similar transaction evidence outweighed its prejudicial value. "Notwithstanding [the defendant's] contention to the contrary, the trial

---

[3] The defendant did not object to the introduction at trial of the July 1993 incident, so that any objections to such evidence could be found to have been waived. See Division 1 (a), supra; see also *McClarity v. State*, 234 Ga. App. 348 (506 SE2d 392) (1998); *Jackson v. State*, 223 Ga. App. 207, 208 (1) (477 SE2d 347) (1996); *Sapeu v. State*, 222 Ga. App. 509, 510 (4) (474 SE2d 703) (1996). Further, such objection was not raised in the defendant's motion for new trial and was, therefore, waived. However, because the defendant herein raises issues regarding the procedural sufficiency of the USCR 31.3 (B) hearing, we will address the defendant's pre-trial objections on the merits. See *White v. State*, 213 Ga. App. 429, 430 (445 SE2d 309) (1994); *Riddle v. State*, 208 Ga. App. 8, 9-11 (430 SE2d 153) (1993).

[4] At trial, the defendant admitted that he had run away from police officers on July 3, 1993, and that he had hidden in his sister's home until he was arrested the next day.

court was not required to conduct an on the record balancing test. *Fetterolf v. State*, 223 Ga. App. 744, 746 (3) (478 SE2d 889) (1996)." *Watson v. State*, supra at 82 (5); see also *Newman v. State*, 233 Ga. App. 794, 795 (2) (504 SE2d 476) (1998). The fact that the trial court decided to admit the evidence indicates that it so found. See *Swift v. State*, 229 Ga. App. 772 (495 SE2d 109) (1997). Further, the defendant did not object to the "similar transaction testimony on these grounds, either at the similar transaction hearing or when the testimony was offered at trial. Accordingly, he cannot raise this issue on appeal. [Cits.]" *Newman v. State*, supra at 795 (2).

(e) The defendant also asserts that he was denied the "right" to present evidence during the pre-trial hearing to show that the July 1993 incident "happened somewhat differently" than as presented by the State. However, the defendant admits that he was, in fact, the perpetrator of the July 1993 escape and that he had pled guilty to such crime, for which he served a year in prison. The defendant has not proffered, to either the trial court or this Court, how his version of events differed in any way from the State's version.

Under the circumstances, the trial court correctly found that the defendant had the right to cross-examine the witnesses at trial regarding the specific facts of this incident and to present his version of the facts during the defense's case, if he should choose to do so.[5] This is because such evidence goes to the weight, not the admissibility, of the similar transaction evidence. See *Farley v. State*, 265 Ga. 622 (458 SE2d 643) (1995); *Williams v. State*, supra; *Burris v. State*, 204 Ga. App. 806 (420 SE2d 582) (1992); *Sams v. State*, 201 Ga. App. 109 (410 SE2d 330) (1991); *Cooper v. State*, 173 Ga. App. 254 (325 SE2d 877) (1985).

As to the sufficiency of the pre-trial similar transactions hearing, we note that during such hearing, the trial court "*may* receive evidence on any issue of fact necessary to determine [the issue of admissibility]. The burden of proving that the evidence of similar transactions or occurrences should be admitted shall be upon the prosecution." (Emphasis supplied.) USCR 31.3 (B). "A hearing in which the State relies upon the statements of the prosecuting attorney to make the required showing for the admissibility of similar transaction evidence is sufficient to satisfy the requirements of USCR 31.3 (B). Some cases differentiate a hearing in which the prosecutor simply states the evidence in her place from an evidentiary hearing. USCR 31.3 clearly grants the trial court the discretion as to

---

[5] Notably, when the evidence was presented at trial, trial counsel did not object further; trial counsel cross-examined the witnesses regarding the July 1993 incident; and the defendant testified regarding his version of the events, which did not differ in any significant way from the State's version.

the reception of evidence. There is no per se right to an *evidentiary* hearing, only to a hearing, nor any mandatory obligation to produce testimonial evidence. The statement in place as to what was expected to be shown revealed facts so as to constitute sufficient similarity between the prior acts and the offenses on trial to permit the admission of such evidence." (Citations and punctuation omitted; emphasis supplied.) *McClarity v. State*, 234 Ga. App. 348, 354-355 (4) (506 SE2d 392) (1998). Accordingly, we find no error in the admission of the State's evidence of similar transactions by the defendant.

2. The defendant also claims that the trial court erred in allowing the admission of allegedly improper character testimony. However, we need not address the merits of whether the evidence was admissible. The testimony about which the defendant now objects was elicited on cross-examination by trial counsel. Accordingly, "[a] party cannot complain of error resulting from its own conduct or tactics. [Cits.]" *Sommers v. State Compensation Ins. Fund*, 229 Ga. App. 352, 355 (4) (a) (494 SE2d 82) (1997); *Harmon v. State*, 224 Ga. App. 890, 892 (1) (482 SE2d 730) (1997).

3. The defendant's remaining enumeration was not supported by citations to authority or argument and is deemed abandoned. See Court of Appeals Rule 27 (c) (2).

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 12, 1999.

*Wanda G. Johnson*, for appellant.
*Tommy K. Floyd, District Attorney, Blair D. Mahaffey, Assistant District Attorney*, for appellee.