## S01A1080. MOORE v. THE STATE.

(552 SE2d 832)

SEARS, Presiding Justice.

The appellant, Merrell Moore, appeals from his conviction for the malice murder of his wife, Katherine Moore.[1] On appeal, Moore contends that the trial court improperly commented on the evidence and thus violated OCGA § 17-8-57. We conclude that the trial court did not violate § 17-8-57 and that the evidence is sufficient to support Moore's conviction. Accordingly, we affirm Moore's conviction for malice murder.

1. The evidence shows that on May 8, 1996, Mr. Moore contacted his wife's mother around 6:30 a.m., told her that he and Ms. Moore had been fighting, and asked whether she could care for the couple's children. Mr. Moore's mother-in-law came to pick up her grandchildren, and as she was driving away, she noticed Moore near the telephone line. She stopped her car and asked Moore what he was doing. Moore told her that he was going to disconnect the telephone line so the victim could not call Mr. Moore's mother.

The victim's mother attempted to reach her daughter about 9:00 to 9:30 a.m., but was not successful. Shortly after 10:00 a.m., Moore called his mother-in-law and told her that he had shot his wife. Moore's mother-in-law then went to the marital residence, where she found her daughter dead in the master bedroom. The victim had been killed by seven gunshot wounds to her head from a .22 caliber pistol.

When police officers arrived at the residence, they discovered Mr. Moore sitting in a children's pool in the back yard of the family home, bleeding from a self-inflicted gunshot wound to the chest. Mr. Moore told one officer that he shot his wife because she had kicked their daughter, and he told another officer that he had shot her because she "beat up" their eight-year-old daughter. He also told a third officer that he had "screwed up," and knew he was "going to have to pay for it." A police officer testified that the door to the master bedroom had been kicked in, and that the condition of the bedroom indi-

---

[1] The crime occurred on May 8, 1996, and Moore was indicted on August 6, 1996. Following a jury trial, Moore was found guilty of malice murder on January 24, 1997. The court reporter certified the trial transcript on March 25, 1997. On April 29, 1999, Moore, acting pro se, filed a motion for out-of-time appeal. The trial court granted the motion on October 3, 2000, and granted Moore 60 days in which to file a notice of appeal. Moore filed a notice of appeal on December 1, 2000. On January 19, 2001, this court vacated the trial court's order granting Moore an out-of-time appeal on the ground that the trial court was not authorized to grant Moore 60 days in which to file a notice of appeal. This Court remanded the case to the trial court for the entry of an appropriate order. On March 12, 2001, the trial court again granted Moore an out-of-time appeal, and granted Moore 30 days in which to file his notice of appeal. Moore filed his notice of appeal on April 4, 2001, and the appeal was docketed in this Court on April 19, 2001. The appeal was submitted for decision on briefs on June 11, 2001.

cated that a struggle had occurred before the shooting.

Reviewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Moore guilty of malice murder beyond a reasonable doubt.[2]

2. In its preliminary instructions to the jury, the trial court stated, in part, as follows:

> Now, this is a murder case, and I'll tell you right out of the box, I think it's not inappropriate, that the death penalty is not involved in this case and you'll not consider that whatsoever and you won't consider anything concerning what might happen, depending on what your verdict is or is not in this case. You're simply to determine for us whether or not this defendant is guilty of this offense or any lesser offense if I charge you concerning a lesser offense in this case.

Moore contends that by stating that the State's decision not to seek the death penalty was appropriate in this case, the trial court expressed its opinion that a verdict finding Moore guilty of an offense that carried a lesser punishment, such as life in prison, was appropriate. Moore contends that by expressing this opinion, the trial court violated OCGA § 17-8-57. We disagree, and conclude that the court did not indicate that it thought some form of sentence was necessary for Moore's actions. The court's instruction simply informed the jury that it was not to be concerned with sentencing if sentencing became necessary, but that, instead, it was only to be concerned with determining whether Moore was guilty of the offense charged or of a lesser included offense thereof.[3] The remainder of the court's preliminary instructions reinforce this conclusion, as, immediately after the language quoted above, the court informed the jury that the State had the burden of proving Moore's guilt of the crime charged beyond a reasonable doubt; that Moore had no burden whatsoever; and that it was the jury's job to reach a verdict based upon the facts of the case and based upon the law as charged by the court. For the foregoing reasons, we conclude that the trial court did not violate § 17-8-57 in giving its preliminary instructions.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 17, 2001.

*Renate D. Moody*, for appellant.
*Howard Z. Simms*, District Attorney, *Dorothy A. Vinson*, Assis-

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] See *Smith v. State*, 268 Ga. 42, 43 (2), n. 3 (485 SE2d 189) (1997).

*tant District Attorney, Thurbert E. Baker, Attorney General, Tammie J. Philbrick, Assistant Attorney General*, for appellee.